UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

McDONOUGH, KORN, EICHHORN & SCHORR
A PROFESSIONAL CORPORATION
COUNSELORS AT LAW
PARK PLACE LEGAL CENTER
959 SOUTH SPRINGFIELD AVENUE
P.O. BOX 712
SPRINGFIELD, NEW JERSEY 07081-0712
Telephone: 973-912-9099
Attorneys for Defendants, New York School of Medicine and New York University Hospitals Center
Our File No.  9044.8397

| | |
|---|---|
| CHAYA GROSSBAUM and MENACHEM GROSSBAUM, her spouse, individually and as guardians ad litem of the infant, ROSIE GROSSBAUM<br><br>        Plaintiffs,<br><br>    vs.<br><br>GENESIS GENETICS INSTITUTE, LLC, of the State of Michigan, MARK R. HUGHES, NEW YORK UNIVERSITY SCHOOL OF MEDICINE and NEW YORK UNIVERSITY HOSPITALS CENTER, both corporations in the State of New York, ABC CORPS. 1-10, and JOHN DOES 1-10<br><br>        Defendants. | CIVIL ACTION NO. 2:07-CV-1359<br><br>Civil Action<br><br>ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS, NEW YORK UNIVERSITY SCHOOL OF MEDICINE ("SCHOOL OF MEDICINE"), AND NEW YORK UNIVERSITY HOSPITALS CENTER ("HOSPITAL"), SEPARATE DEFENSES, CROSSCLAIMS, ANSWER TO CROSSCLAIMS, JURY DEMAND, DEMAND FOR STATEMENT OF DAMAGES, DESIGNATION OF TRIAL COUNSEL, REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(C), DEMAND FOR AFFIDAVIT OF MERIT AND CERTIFICATION |

The defendants, New York University School of Medicine ("School of Medicine"), and New York University Hospitals Center ("Hospital"), by way of Answer to plaintiffs' Complaint say:

JURISDICTION

1. These defendants admit the allegations contained in this paragraph.

2. These defendants admit the allegations contained in this paragraph.

3. The allegations contained in this paragraph are not applicable to these defendants.

4. These defendants admit the allegations contained in this paragraph.

### COUNT ONE

1. These defendants repeat their answers to the allegations contained in "Jurisdiction" as if same were set forth herein at length.

2. These defendants admit the allegations contained in this paragraph.

3. These defendants admit the allegations contained in this paragraph.

4. These defendants admit the allegations contained in this paragraph.

5. The allegations contained in this paragraph are not applicable to these defendants.

6. These defendants admit the allegations contained in this paragraph.

7. These defendants admit the allegations contained in this paragraph.

8. These defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. These defendants deny the allegations contained in this paragraph.

10. These defendants deny the allegations contained in this paragraph.

11. These defendants deny the allegations contained in this paragraph.

12. These defendants deny the allegations contained in this paragraph.

## COUNT TWO

This entire Count is not applicable to these defendants.

## COUNT THREE

This entire Count is not applicable to these defendants.

## COUNT FOUR

This entire Count is not applicable to these defendants.

**WHEREFORE,** defendants pray for judgment against plaintiffs, dismissing the complaint against defendants, New York University School of Medicine, and New York University Hospitals Center, with prejudice.

## FIRST SEPARATE DEFENSE

Recovery is barred for some of the claims set forth in this action by reason of the expiration of the applicable Statute Of Limitations.

## SECOND SEPARATE DEFENSE

The injuries or damages sustained by plaintiffs were the result of conditions or actions of third persons over whom these defendants exercised no supervision or control.

## CROSSCLAIM FOR CONTRIBUTION

These defendants demand contribution from all co-defendants named in the Complaint under the Joint Tortfeasors Contribution Act, as more fully set forth at N.J.S.A. 2A:53-1, et seq.

## ANSWER TO CROSSCLAIMS

These defendants deny the allegations of any and all crossclaims filed or which may be filed against these defendants.

## JURY DEMAND

These defendants demand a trial by jury on all issues.

## DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE that these defendants demand that plaintiffs furnish a Statement Of Damages Claimed.

## DESIGNATION OF TRIAL COUNSEL

Please be advised that R. Scott Eichhorn, Esq. is hereby designated as trial counsel on behalf of defendants, New York University School of Medicine, and New York University Hospitals Center.

## REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)

If any co-defendant settles prior to trial, these defendants will seek an allocation of the percentage of negligence by the fact finder against the settling defendant(s). We will seek this allocation, whether or not we have formally filed a crossclaim against the settling defendant(s). We will rely upon the examination and cross-examination of the plaintiffs' expert witnesses and any and all other witnesses at the time of trial, in support of this allocation. You are being apprised of this pursuant to N.J. Court Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

## DEMAND FOR AFFIDAVIT OF MERIT

These defendants hereby demand that the plaintiffs serve an Affidavit of Merit pursuant to N.J.S.A. 2A: 53A-27.

MCDONOUGH, KORN, EICHHORN & SCHORR
A Professional Corporation
Attorney for Defendants, New York School of Medicine and New York University Hospitals Center

BY: _____
   R. SCOTT EICHHORN

Dated: 6/28/07