# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE°
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A
*Civil Trial Attorney
°Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar


September 2, 2009

Hon. Esther Salas, U.S.M.J.
US District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**Re: Grossbaum vs. Genesis Genetics, et al.**
**Civil Action No.: 07-CV-1359 (HAA)**

Dear Judge Salas:

It never ceases to amaze how a defendant (Genesis Genetics) that has been contemptuous of its discovery obligations for many months should now seek to use that circumstance to defeat a determination on the merits.

This is a medical malpractice case arising from the misdiagnosis of the suitability for in vitro fertilization of embryos by a DNA laboratory that resulted in the birth of a cystic fibrosis baby in March 2005. The science involved is practiced in only three known laboratories in the United States, and is exceptionally specialized. The foundation of any evaluation of the quality of the genetic studies is the laboratory file (medical records). This is not the kind of case which a plaintiff or a counsel can understand and evaluate without the assistance of consultants.

To this end, we started our investigation in January 2007, requesting a copy of the file of Defendant, Genesis Genetics (see letter dated January 26, 2007 annexed hereto). Defendant Genesis Genetics stonewalled the request as well as follow-up request dated March 26, 2007 and Plaintiffs were required to file a suit in March 2007 to satisfy statute of limitations requirement. After locating a process server in Detroit, Michigan, the Summons & Complaint were forwarded on May 3, 2007, along with a process server fee of $50.00. However, due to this Defendant denying access to

the process server, service was not able to be effected (see statement of process server annexed hereto indicating multiple attempts at separate addresses to serve both the corporate Defendant and the individual Defendant, and a delay of almost two months in effectuating service). With still no reply to our requests for a copy of the Genesis Genetics chart, Plaintiffs were forced to condition a second consent to an extension of time to answer upon this Defendant's delivery of a copy of the laboratory records, which was finally accomplished on August 28, 2007. An Answer was finally filed on behalf of Genesis Genetics and Mark Hughes, M.D. on September 17, 2007—almost five months after the process server first attempted service upon these Defendants. Thereafter, following a conference with the Court on December 12, 2007, a joint discovery plan was filed, endorsed by the undersigned, which provided as follows:

No. 6- Plaintiffs' liability expert's reports are due within 30 days after the completion of all party depositions;
No. 7- Defense liability reports are due within 60 days of the receipt of Plaintiff's liability expert's reports;
No. 8- Plaintiff's damage expert's reports are due within 30 days of the receipt of defense liability reports.

Thereafter followed four letters addressed by the undersigned to the Court advising of the difficulties that the Plaintiffs were encountering in moving the discovery forward. Our first letter to the Court dated February 21, 2008 (a copy which is annexed hereto) advised that an oral report from our consultant, Dr. Garry R. Cutting, Professor of Pediatrics and Medicine and Director of the DNA Diagnostic Laboratory, Institute of Genetic Medicine at Johns Hopkins University, that the laboratory records of Genesis Genetics we pursued for more than seven months in 2007 were incomplete since they "did not contain certain studies which, if they existed, would be necessary for his opinions and would enable him to respond to the pertinent legal questions in this case." Our letter of the same day (see copy annexed hereto) was immediately sent to counsel for the Defendant, Genesis Genetics (including local counsel), advising of the deficiencies in the medical records provided. Doing our best to anticipate how long it would take for an appropriate response, we asked for a 45 day extension of the discovery plan referred to above. On March 14, 2008 (three weeks after our request), defense counsel, Steven M. Leuchtman, counsel to Genesis Genetics and Mark Hughes, M.D., wrote as follows:

> My client advises that the materials he has provided to you are all of those which or ever were at anytime in his possession or in the possession of Genesis Genetics.

In June 2008, the parties began requesting Answers to Interrogatories of each other. In compliance with the Court's further scheduling order of June 4, 2008, counsel for the Plaintiffs advised Defendants that the Interrogatories were prepared saved only for Plaintiffs' Certification and inquired as to the Defendants' compliance with the Interrogatory requests. At that time, both defense counsel requested Plaintiffs' indulgence. Defendants were further prodded to answer Interrogatories by our letter of October 31, 2008, which stated:

> We would be reluctant to request the involvement of Judge Salas.

With respect to Genesis Genetics' Answers to Interrogatories, our further letter of November 18, 2008 stated:

> My intention is to notify Judge Salas tomorrow that we do not have Answers to Interrogatories on behalf of Defendants, Mark Hughes and Genesis Genetics, in the above referenced matter.

Simultaneous with that letter, Plaintiffs requested the deposition of Defendant, Dr. Mark Hughes. Within a week, parties agreed that Dr. Hughes would be deposed on Friday, January 16, 2009 in New York City. That deposition of Dr. Hughes was cancelled by the doctor and rescheduled for February 19, 2009. In the meantime, depositions of the staff of the Fertility Clinic at NYU Medical Center responsible for implanting the embryos according to the advice from Genesis Genetics began to be scheduled for Wednesday, March 11, 2009. Thereafter, as indicated in my recent letter to the Court of August 25, 2009, Defendant NYU was unwilling to provide their personnel for depositions requiring trips to New York on five separate occasions between March and the end of July of this year. In the interim, by our third letter of January 22, 2009 (see copy annexed hereto), we kept the Court advised of our efforts to continue to undertake depositions of the parties. Our concern, as expressed in said letter, was:

> My concern is the compliance with the Court's scheduling Order should not adversely impact the Plaintiffs' claim.

Notwithstanding the further advice of our consultant that additional records should have been created at Genesis Genetic, and defense counsel's representation that there were no more records, Dr. Mark Hughes admitted in his deposition on February 19, 2009 that there were more records that had not been provided to the Plaintiffs. By letter dated March 5, 2009 (copy which is annexed hereto), Plaintiffs set forth their demand for, once again, a complete copy of the Plaintiffs' chart at Genesis Genetics.

The missing records, when supplied, were apparently still incomplete. Our consultant advised that the records we had forwarded to him of the laboratory studies were not color-coded and that that color-coding was significant in an evaluation of the laboratory studies at Genesis Genetics. This prompted a further letter dated April 24, 2009 to counsel for Genesis Genetics asking for the color copies of a portion of the records. These requests prompted a further letter to the Court dated May 6, 2009 (see coy of letter annexed hereto), keeping the Court advised of our difficulties in obtaining the complete and useful chart from Genesis Genetics. The requested color coded records came by follow-up letter dated May 8th and prompted our letter to the Court of May 11th advising that we had finally received the complete chart.

THE COURT SHOULD TAKE NOTE THAT THE FULL AND COMPLETE USEFUL CHART OF THE LABORATORY STUDIES WAS NOT PROVIDED TO THE PLAINTIFFS FOR 30 MONTHS OR UNTIL MAY 8, 2009. IN ESSENCE, THE PLAINTIFFS' EFFORTS TO GAIN EXPERT OPINIONS NECESSARY FOR EVALUATING AND PROCEEDING WITH THE CASE COULD NOT SUCCESSFULLY BE CONCLUDED UNTIL MORE THAN TWO YEARS AFTER THE LITIGATION STARTED.

Our meeting with our consultant was finally arranged and took place in Baltimore on July 7, 2009.

One other matter of significance should be mentioned. In the deposition of Dr. Hughes on February 19, 2009, he stated that a technique for genetic analysis that was known to him at the time of the plaintiffs' laboratory studies in July 2004 was not in full clinical use and thus, not used by him. This prompted us to consider, after receipt of the complete chart of Genesis Genetics, consultation with one of the other two laboratories in the United States that were doing these types of studies at that time to determine the credibility of Dr. Hughes' deposition testimony. That brought us into contact with Dr. Svetlana Rechitsky whose report we now await and expect momentarily. Needless to say, by the time we had the complete discovery, including the fact witnesses of the Defendants, we were in the summer months of June, July and August.

Now comes the New Jersey counsel for Defendants, Genesis Genetics and Dr. Mark Hughes, who was not only not in attendance at any one of the eight depositions that were taken, nor in finally providing the complete useful (color-coded) records of Genesis Genetics, nor answering or propounding Interrogatories, to assert to the Court that the Plaintiffs have been dilatory in the pursuit of their case and therefore, should be penalized with a summary dismissal. Of course, it would never occur to a law firm like

Lowenstein Sandler that a plaintiff pursuing this type of litigation might be conservative in their expenditure and pursuit of damage expert reports until the liability aspect of the case becomes crystal clear so that the damage expert, in the form of a life care planner, could be obtained thereafter. To denigrate Plaintiffs' efforts in this case to proceed in a rational, orderly and attentive manner, as was done in the letter of defense counsel, Sarah Blaine, by suggesting deposition transcripts should have been expedited to meet scheduling orders required by her clients' non-cooperation, offends this writer's sense of justice.

Respectfully submitted,

Lewis Stein

LS:svd
Enclosures
cc: Sarah Blaine, Esq.
Stephen N. Leuchtman, Esq.
Jay Hamad, Esq.

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE°
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A
*Civil Trial Attorney
°Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar

January 26, 2007

Genesis Genetics Institute
1380 East Jefferson Avenue
Detroit, MI 48207

Attn: Medical Records

Re: Grossbaum v. NYU and Genesis Genetics Institute

Dear Sir or Madam:

Please be advised that we have been authorized by our client, Chaya R. Morgenstern-Grossbaum, to obtain medical records on her behalf.

We understand that you have provided medical treatment to Chaya Grossbaum. At this time, we require a certified, complete copy of your medical records from the first date of treatment to the present as well as itemized bills.

Enclosed is a notarized medical authorization signed by our client as well as a certification form for your signature and return to our office with the above requested medical records. Kindly bill us for your photocopying expense and a check will be forthcoming.

If you have any questions please feel free to contact me at the above listed number. I thank you for your anticipated time and courtesies in this matter.

Very truly yours,

Lewis Stein

LS:lh/svd
Enclosures

Approved, SCAO

This form is available from: Target Information Management, Inc. (517) 337-4211

Original - Court
1st copy - Serving party
2nd copy - Extra

| STATE OF MICHIGAN JUDICIAL DISTRICT JUDICIAL CIRCUIT | MOTION AND VERIFICATION FOR ALTERNATE SERVICE | CASE NO. |
|---|---|---|

Court address

Court telephone no.

Plaintiff name(s), address(es), and telephone number(s)

v

Defendant name(s), address(es), and telephone number(s)

genesis genetics institute

Shannon Wiltse, MS, CGC
Genetic Counselor and Program Coordina
Genesis Genetics Institute, LLC
Applied Genomics Technology Center
at Samaritan
5555 Conner Avenue A2064
Detroit, MI 48213
tel/fax: 313-544-4006
counselor@GenesisGenetics.org
www.GenesisGenetics.org

1. Service of process upon MARK HUGHES, M.D. otherwise provided in MCR 2.105, as shown in the following veri

2. Defendant's last known home and business addresses are:

Home address — City

Business address — City — State — Zip

a. I believe the ☐ home ☐ business address shown above is current.

b. I do not know defendant's current ☐ home ☐ business address. I have made the following efforts to ascertain the current address:

3. I request the court order service by alternate means.

I declare that the statements above are true to the best of my information, knowledge and belief.

Date — Attorney signature

Address — Attorney name (type or print) — Bar no.

City, state, zip — Telephone no.

## VERIFICATION OF PROCESS SERVER

1. I have tried to serve process on this defendant as described: State date, place, and what occurred on each occasion

5-4-07 @ 10:55AM @ 11380 E JEFFERSON AVE, DETROIT, MI 4820 - NOT IN PER W/F - OFFICES UPSTAIRS - NO ACCESS
5-8-07 @ GENESIS GENETICS INSTITUTE LLC, 5555 CONNOR, AV DETROIT, MI 48213 - OUT OF TOWN. BACK 5-14-07
5-14-07 @ 5555 CONNOR, DETROIT, MI 48213 - STAFF UNHELPFUL - REFERR TO TROWBRIDGE HOUSE @ 11380 E JEFFERSON AV DETROIT, MI - ATTEMPTS MADE 5/25/07, 5/30/0 6-5-07, 6-15-07, 6/20/07, 6/28/07 - NO ACCESS PERMITTED

I declare that the statements above are true to the best of my information, knowledge and belief.

7-3-07
Date

Signature
ROBERT A JOHNSON
Process Server (type or print)

MC 303 (6/86) MOTION AND VERIFICATION FOR ALTERNATE SERVICE — MCR 2.105

EXTRA

NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE°
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A
*Civil Trial Attorney
°Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar

February 21, 2008

U.S. Magistrate Judge Esther Salas
United States District Court
50 Walnut Street
PO Box 999
Newark, NJ 07101

**RE: Grossbaum v. Genesis Genetics, et al.**
**Civil Case No.: 07-CV-1359 (HAA)**

Dear Judge Salas:

On December 17, 2007 you entered a Pretrial Scheduling Order with respect to this matter based on plaintiffs' expectation that a report would be forthcoming from our consultant in time to enable us to determine the viability of the plaintiffs' claims in this litigation. As per our confidential letter of January 17, 2008 we advised the Court of the status of our investigation.

We finally received this day an oral report from Garry R. Cutting, M.D. of the John Hopkins University of Medicine Institute of Genetic Medicine indicating that the records that were provided by Genesis Genetics did not contain certain studies which, if they existed, would be necessary for his opinions and would enable him to respond to the pertinent legal questions in this case.

To provide him with a response to his request for further records, we have this day forwarded said request to counsel for defendant Genesis Genetics. See letter enclosed herewith.

On the basis of his advice, and the obvious indication that plaintiff is consulting with the highest level of academic professionals that could be imagined, we ask that a revised Pretrial Scheduling Order be entered to allow all of the dates set forth therein to

be advanced 45 days. This anticipates a 15 day response from counsel for Genesis Genetics and a 30 day opportunity for Dr. Cutting to advise plaintiff of his final impressions.

Respectfully yours,

Lewis Stein

LS:lh
Cc: R. Scott Eichhorn, Esq.
Stephen N. Leuchtman, Esq.
Thomas E. Redburn Jr., Esq. and Sarah Blaine, Esq.

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE∘
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A
*Civil Trial Attorney
∘Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar


February 21, 2008

Stephen N. Leuchtman, Esq.
Ravid and Associates, PC
23855 Northwestern Highway
Southfield, MI 48075

Thomas E. Redburn Jr., Esq.
Sarah Blaine, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068

**RE: Chaya Morganstern-Grossbaum and Menachem Grossbaum vs. Genesis Genetics and NYU**

Dear Mr. Leuchtman, Mr. Redburn and Ms. Blaine:

We were finally able to consult with one of our experts, Dr. Garry R. Cutting of the John Hopkins University School of Medicine Institute of Genetic Medicine who has had an opportunity to review the medical chart provided by you.

Our consultation with Dr. Cutting included an inquiry of the following questions:

Using Dr. Hughes' technology, were appropriate studies undertaken?

Were the results reported appropriate based on the information contained in the records?

In addition, from our limited understanding of the records, as to the implantation, it appears that one of the two embryos that were deemed appropriate for implantation was not used since it was degraded and not believed capable of successful implantation. It is my understanding that Nos. 8 & 10 were approved by Genesis Genetics but that No. 10 became degraded and No. 7 was

substituted. Apparently the testing done by Genesis Genetics did not include the husband's mutation. Could it be said that this substitution would substantially increase the risk of a cystic fibrosis child above what would have been expected under any appropriately done evaluations?

Dr. Cutting finally gave us an oral report today in which he advised us that his answers to questions mentioned above are related to a further inquiry as to whether additional records exist at Genesis Genetics relating to the genetic studies of the mutation relating to the father Menachem Grossbaum.

To that end, we are enclosing a copy of the medical records provided by you as requested from Genesis Genetics. Kindly confirm at your earliest possible time the existence of further records relative to studies made of the zygote obtained from the husband.

In the event that there are no such records, we would expect a response from you that would enable us to tell Dr. Cutting that no further studies were made in connection with this case.

Your prompt, attention to this matter would be appreciated. In addition, please be advised that we are providing Magistrate Judge Salas with a copy of this letter to support a request that we receive an extension of the pretrial scheduling order to undertake discovery pending response from Dr. Cutting.

Very truly yours,

Lewis Stein

LS/em
Encs.

cc: U.S. Magistrate Judge Esther Salas
R. Scott Eichhorn, Esq.

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE°
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A
*Civil Trial Attorney
°Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar


January 22, 2009

Hon. Esther Salas, U.S.M.J.
US District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**RE: Grossbaum vs. Genesis Genetics, et al.**
**Civil Action No.: 07-CV-1359 (HAA)**

Dear Judge Salas:

I am compelled to write to you regarding your most recent Scheduling Order of October 14, 2008.

In writing this letter it is not my intention to complain about actions taken by counsel, but merely to report to the court the facts and circumstances of discovery in the matter as they now appear.

Interrogatory answers were received from defendant Genesis Genetics on November 18, 2008 which completed the exchange of interrogatories between the parties.

Depositions of the plaintiff were then scheduled for December 17th at which time the deposition of plaintiff Chaya Grossbaum was in the large measure completed, albeit unfinished as to damages. The deposition of Menachem Grossbaum, who was in attendance on December 17th, was to be rescheduled for another day.

The depositions of defendants' representatives, Dr. Mark Hughes of Genesis Genetics in Detroit, Michigan and Dr. Frederick Licciardi for NYU, remain outstanding.

Dr. Mark Hughes' deposition had been scheduled for January 16, 2009 at 10:00 a.m. in New York City, and was adjourned by defense counsel because of a conflict with a scheduled trial date. This deposition is now scheduled for February 19, 2009 in New Jersey. A firm date has not yet been scheduled for Dr. Licciardi.

Obviously, as so often happens in the real life of litigation lawyers, the compliance with the court's scheduling orders on occasion collide with the extent of cooperation of institutional defendants and the fulfillment of their discovery obligations.

My concern is that compliance with this Court's Scheduling Order should not adversely impact the plaintiffs' claim.

Respectfully yours,

Lewis Stein

LS/em

cc: R. Scott Eichhorn, Esq.
John F. Basiak, Esq.
Stephen N. Leuchtman, Esq.

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE°
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A
*Civil Trial Attorney
°Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar


March 5, 2009
Via Certified Mail w/Ret. Receipt

Stephen Leuchtman, Esq.
Rand and Associates, P.C.
23855 Northwestern Hwy.
Southfield, MI 48075

Re: Grossbaum v. Genesis Genetics Institute, LLC, et al.
Case # 07-CV-1359 (HAA)

Dear Mr. Leuchtman:

On January 26, 2007, this office forwarded a duly notarized authorization and request for the records of Genesis Genetics requesting a complete copy of the records regarding the Grossbaums. We renewed that request on March 16, 2007. In addition, on or about August 24, 2007, we received a commitment from James R. Gromer, Esq., then attorney for Genesis Genetics, that we would receive overnight "the medical records for our client." The records were received on August 29, 2007.

On or about February 21, 2008, you received a copy of our letter addressed to U.S. Magistrate Judge Esther Salas advising that we had an indication "that the records that were provided by Genesis Genetics did not contain certain studies which, if they existed, would be necessary for his [Plaintiffs' expert] opinions and would enable him [its expert] to respond to the pertinent legal questions in this case." By separate letter we demanded from your client confirmation at "the earliest possible time [of] the existence of further records relative to studies made of the zygote obtained from the husband."

Subsequently by letter dated March 14, 2008, you advised that Genesis Genetics "has provided to you [us] all of those [materials] which are or ever were at anytime in his possession or in the possession of Genesis Genetics."

However, at his deposition under oath on February 19, 2009, the Defendant, Dr. Mark Hughes, stated that there are additional records of: (a) the studies of the husband's mutation; and (b) a copy of the design of the tests utilized in studying the genetic mutations of the Grossbaums.

By this letter we hereby formally demand that you produce forthwith such records as are now claimed to have been created in connection with the studies made on the Grossbaum embryos which have not been provided.

In addition, failing production of these records within 10 days of the receipt of this letter, we will have no alternative but to move to suppress the defenses of Genesis Genetics for failure to make discovery.

Very truly yours,

Lewis Stein

LS:svd
cc: John F. Basiak, Esq.
R. Scott Eichhorn, Esq.

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE°
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A
*Civil Trial Attorney
°Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar

May 6, 2009

Hon. Esther Salas, U.S.M.J.
US District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

**RE: Grossbaum vs. Genesis Genetics, et al.**
**Civil Action No.: 07-CV-1359 (HAA)**

Dear Judge Salas:

I regret to advise the Court that our efforts to move forward with discovery in accordance with the Court's Scheduling Orders have been frustrated for many months by the unwillingness of Defendant, Genesis Genetics, to comply with our requests for the records created by that company. As may be seen from the enclosed correspondence dated March 5, 2009 to Genesis Genetics' defense counsel, we have been trying for more than two years to obtain a full and complete copy of the records of Genesis Genetics.

As the letter stated, it was not until Defendant, Mark Hughes', deposition on February 19, 2009, that we became aware that the records provided previously had been incomplete. One month passed before we were able to obtain a copy of the additional records, which were received on March 16th. Even though Dr. Hughes and the Defendant, Genesis Genetics, must have realized that the photocopy of the records we received would not provide our expert with a complete understanding of the records since the actual records were color coded and the color coding would be required for evaluation purposes, no color copy was provided. Thereafter, following advice by our expert that the records of Genesis Genetics that we had received on March 16th had to be color coded, I wrote to defense counsel, Stephen Leuchtman, Esq., requesting the color copy by letter dated April 6th, a copy which is annexed hereto. No response was forthcoming and, again on April 24th, I faxed a reminder letter to Mr. Leuchtman, a copy which is also annexed hereto.

To date, we do not have a full and complete useful copy of Defendant, Genesis Genetics', records. For this reason, we have been unable to obtain the final opinions of Plaintiffs' expert.

For all of the Court's involvement, we are still at the starting gate of this litigation, although it now is more than 20 months since Defendant, Genesis Genetics, had filed its Answer.

We must call upon the Court to invoke its authority with respect to the cooperation and compliance of Defendant, Genesis Genetics, with Plaintiffs' reasonable requests for documents in this matter.

Respectfully submitted,

Lewis Stein

LS:svd
cc: Stephen N. Leuchtman, Esq.
John F. Basiak, Esq.
R. Scott Eichhorn, Esq.