UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4887** |

November 23, 2009

**LETTER ORDER**

    Re:    **Grossbaum v. Genesis Genetics, et al.**
                **Civil Action No. 07-1359 (GEB)**

Dear Counsel:

    The undersigned is in receipt of Plaintiff's motion for reconsideration dated October 13, 2009 (Docket Entry No. 31). For the reasons set forth below, the Motion is hereby **denied with prejudice.**

    The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." *See S.C. v. Deptford Township Bd. Of Ed.*, 248 F.Supp.2d 368, 380 (D.N.J. 2003). In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i) which states that a "motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1 (i). Notably, the comments to the Rule state that the upon drafting L. Civ. R. 7.1(i), "the Court imposed a strict time limit within which a motion for reconsideration may be filed..." *Id.*

    A motion for reconsideration may be made for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F.Supp.1216, 1220 (D.N.J. 1993) (internal citations omitted). Moreover, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990) (internal citations omitted). Accordingly, "the motion may address only 'dispositive factual matters or controlling decisions of law' that were presented to, but not considered by, the court in the course of making the decision at issue." *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F.Supp.2d 606, 609 (D.N.J. 2003) (citing *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

      By letter dated October 13, 2009, Plaintiff seeks for the Court to reconsider its September 23, 2009 ruling regarding fact discovery. Given that Plaintiff filed its request on October 13, 2009, more than 10 days after the Court's September 23, 2009 ruling, Plaintiff's motion is denied. Moreover, Plaintiff has failed to set forth any new facts or a change in controlling law that would mandate this Court revisit its earlier ruling.

      SO ORDERED.

                                                    s/Esther Salas  
                                                    Esther Salas, U.S.M.J