UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

---

CHAYA GROSSBAUM and                     :
MENACHEM GROSSBAUM, her                 :
spouse, individually and as             :
*guardians ad litem* of the             :
infant ROSIE GROSSBAUM,                 :
                                        :
                  Plaintiffs,  :        CIVIL ACTION NO.
                               :        07-CV-1359 (GEB)
                               :
          vs.                  :
                               :
GENESIS GENETICS INSTITUTE,    :
LLC, of the State of Michigan, :
MARK R. HUGHES, NEW YORK       :
UNIVERSITY SCHOOL OF MEDICINE  :
and NEW YORK UNIVERSITY        :
HOSPITALS CENTER, both         :
corporations in the State of   :
NEW YORK, ABC CORPS. 1-10,     :
JOHN DOES 1-10,                :
                               :
                  Defendants.  :
                               :

---

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
RETURNABLE JANUARY 4, 2010 AT 10:00 A.M.

---

NUSBAUM, STEIN, GOLDSTEIN,
 BRONSTEIN & KRON, P.A.
20 Commerce Blvd., Suite E
Succasunna, NJ  07876
nsgbk.office@verizon.net
(973) 584-1400
Attorneys for Plaintiffs

Lewis Stein, Esq.
    On the Brief

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT                                          1

THE LAW

          LOCAL CIVIL RULE 6.1: EXTENSIONS OF
          TIME AND CONTINUANCES                                2

          LOCAL CIVIL RULE 7.1: APPLICATION AND
          MOTION PRACTICE                                      3

CONCLUSION                                                     4

TABLE OF CITATIONS

PAGE

RULES:

L.Civ.R. 6.1                               1, 2

L.Civ.R. 7.1(i)                         1, 3, 4

PRELIMINARY STATEMENT

This Motion addresses a fairness issue with respect to rulings by the Magistrate Judge that precluded further factual discovery to the advantage of a defendant that has been previously responsible for the protracted discovery period of over 2½ years.  Encompassed within that issue is the application of Local Civil Rule 6.1 and 7.1(i).  As evidenced from the Certification of Plaintiffs' counsel and the nine letters addressed to the Magistrate Judge, much of the delay has been generated by the stonewalling of defendant Genesis Genetics. This was evident prior to the initiation of the suit when there was absolutely no response to the request for complete records, the avoidance of service of process which took two months to effectuate by a process server employed in Detroit, the requirement to condition an extension of time to answer on the production of what turned out to be an incomplete copy of the Plaintiff's records, protracted by the inordinate amount of time required to reply to each subsequent request for a complete record as reflected in Paragraphs 16 and 17 of the undersigned's Certification.

In addition, Defendant NYU, while forthcoming in Plaintiffs' discovery requests was likewise casual in adhering to the timeline of the scheduling orders.

Although the Magistrate Judge allowed Plaintiffs to serve

experts' reports on both liability and damages, which was accomplished pursuant to the Order of September 23, 2009, it is respectfully submitted that the Court's ruling on further "fact discovery" adverse to Plaintiffs' request was influenced by the delay arising from Plaintiffs' presumption that liability and damage experts reports would be treated separately.  While Plaintiffs should have objected earlier when the liability and damage reports were lumped together in the scheduling orders, and this issue was ultimately resolved, Plaintiffs may ask would it have been necessary to sacrifice those costs (about $8,000 for damage reports) at the altar of court delay reduction if a claim could not be established?  Moreover, in a complicated medical case involving genetic analysis that has been in scientific discourse in a small number of centers for approximately two decades, do the requirements of court delay reduction preclude fact discovery after the submission of experts' reports?  To answer no to these hypothetical questions argues against the Magistrate Judge's ruling—not to mention the unusual procedural steps to obtain the current discovery status.

THE LAW

LOCAL CIVIL RULE 6.1:  EXTENSIONS
OF TIME AND CONTINUANCES

    While our experience in the Federal Court does not run deep, it would appear that Local Civil Rule 6.1 was not intended

to apply to case management and scheduling orders under the
control of the Magistrate Judge—principally because many of the
orders are entered pursuant to telephone communications at
status conferences.  None of the authorities cited by either the
defendant Genesis Genetics or the Magistrate Judge's Letter
Order appears to apply to scheduling and case management orders
that are made in the informal environment encountered herein.

LOCAL CIVIL RULE 7.1: APPLICATION
AND MOTION PRACTICE

The Magistrate Judge, at the instance of Lowenstein Sandler
on behalf of Genesis Genetics, invoked this rule to bar further
consideration of Plaintiffs' request for additional fact
discovery.  To accomplish this, what had been an informal
proceeding was turned into a formal proceeding without the
opportunity for prior notice or a more complete exposition of
the need for further fact discovery.  Certainly being ordered
into the courtroom to go on the record when the Court was making
rulings on such issues does not appear to form the type of
action contemplated by Local Civil Rule 7.1.  Moreover, we deign
to suggest that there was no indication on the record that the
Magistrate Judge was fully familiar with, considered or made
reference to the detailed history of the discovery experience
set forth in letters to the Court provided by Plaintiffs'
counsel.  Moreover, the precise language of Local Civil Rule

7.1(i) refers to "ten business days after the entry of the Order or Judgment on the original motion by the Judge or Magistrate Judge." In order to gain applicability, the Magistrate Judge was required to turn Plaintiffs' letter request for further consideration of her oral ruling in the context of case management into a formal motion. Was this fair or appropriate? It should also not escape this Court that the oral ruling banning further "fact discovery" was not included in the written order of September 23, 2009 prepared by the defendant pursuant to the direction of the Court.

CONCLUSION

In conclusion, it is respectfully submitted therefore that the Magistrate Judge's "with prejudice" ruling contained in the Letter Order of November 23, 2009 be reversed and Plaintiffs' request for further factual discovery be allowed under reasonable circumstances.

Respectfully submitted,

Date: December 4, 2009

/s/ Lewis Stein
Signature of Attorney

Lewis Stein, Esq.
Printed name

20 Commerce Blvd., Suite E
Succasunna, NJ   07876
Address

nsgbk.office@verizon.net
E-mail address

4

(973) 584-1400
Telephone number