

**Sarah Blaine**
Associate
Tel 973 422 6728
Fax 973 422 6729
sblaine@lowenstein.com

May 3, 2010

**VIA ECF**
The Honorable Esther Salas, U.S.M.J.
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:   *Grossbaum v. Genesis Genetics Institute, LLC, et al.;*
      Civil Action No. 07-1359(GEB)(ES)

Dear Judge Salas:

This firm, along with Stephen N. Leuchtman, Of Counsel to the Trowbridge Law Firm, P.C., represents defendants Genesis Genetics Institute, LLC and Dr. Mark R. Hughes (collectively, "Genesis") in the above-referenced civil litigation. We write in opposition to Plaintiffs' request that the Court order Genesis to make two fact witnesses available for deposition on May 14, 2010. Plaintiffs have already sought (and been denied) this relief on at least three separate occasions, and Genesis will be highly prejudiced if Plaintiffs are allowed to take these fact depositions at the conclusion of expert discovery.

As the Court is aware, fact discovery in this case closed on August 3, 2009. On August 24, 2009, Plaintiffs sent a letter to Genesis regarding Plaintiffs' failure to timely serve their expert reports and requesting, for the first time, that Genesis make additional fact witnesses available for deposition. Genesis refused, and at the September 21, 2009 in-person status conference, this Court ruled that Plaintiffs were not entitled to additional fact discovery. The Court's ruling was memorialized in the September 23, 2009 case management order. *See* Exhibit A. On October 13, 2009, Plaintiffs filed an untimely motion for reconsideration of the Court's denial of additional fact discovery. On November 23, 2009, the Court entered an order denying Plaintiffs' motion for reconsideration. *See* Exhibit B. On December 4, 2009, Plaintiffs appealed the order denying their motion for consideration. On February 9, 2009, Chief Judge Garrett E. Brown, Jr. denied Plaintiffs' appeal. *See* Exhibit C. Those orders are the law of the case, and Plaintiffs have not presented any good cause to set them aside.

Plaintiffs present no arguments or reasoning setting out why they need additional fact discovery. Instead, they argue that "it would appear to be of little adverse consequence to this Defendant as well as NYU to allow the Plaintiff to depose two of Defendant Hughes' employees who are situated in Detroit at the Genesis Genetics location on the same day as Dr. Hughes' deposition of May 14th." Plaintiffs' assessment of the harm is just plain wrong: Genesis would be highly prejudiced by being forced to (1) make two additional fact witnesses available to be deposed

The Honorable Esther Salas, U.S.M.J.  May 3, 2010
Page 2

<u>after the conclusion of the liability experts' depositions, (2) do so on ten days' notice and (3) do so during the same 48-hour period in which its liability experts are being deposed halfway across the country from each other.</u>

*First*, as Plaintiffs set out in their letter, all of the liability expert depositions will have been completed by May 14, 2010. The experts drafted their reports and gave their depositions based on the current record. Allowing additional facts to be introduced following the conclusion of the expert discovery process introduces a serious risk that the expert reports may need to be supplemented and the liability experts' depositions may need to be reopened. *Second*, the current case management order calls for dispositive motions to be filed no later than June 11, 2010. Reopening fact -- and, consequently, expert -- discovery will prejudice Genesis by once again seriously delaying the briefing of summary judgment motions and, if necessary, trial of the case. *Third*, despite the roadblocks thrown in its path by <u>Plaintiffs</u>' repeated unilateral rescheduling of their liability experts' depositions, Genesis has endeavored in good faith to comply with the deadlines in the Court's case management order, including scheduling the depositions of its liability experts on consecutive days in New York City and Michigan. Burdening Mr. Leuchtman with the task of preparing for and defending two fact witness depositions during the same 48-hour period in which he is flying across the country to defend the depositions of his two liability experts is simply unfair, and would be highly prejudicial to Genesis.

Genesis respectfully requests that this Court once again refuse Plaintiffs' untimely and unduly burdensome request to reopen fact discovery. Because this is Plaintiffs' fourth attempt to convince the Court to grant it this relief, Genesis also respectfully requests that the Court award Genesis the costs it incurred responding to Plaintiffs' fourth attempt to reopen fact discovery.

Respectfully submitted,

Sarah Blaine

SB:ep

21121/2
05/03/10 14292314.1

Enclosures
cc:     All counsel via ECF



# Exhibit A

Case 2:07-cv-01359-ES-CLW   Document 57   Filed 05/03/10   Page 4 of 12 PageID: 406
Case 2:07-cv-01359-GEB -ES   Document 29   Filed 09/23/09   Page 1 of 2
Case 2:07-cv-01359-GEB-ES   Document 28-2   Filed 09/22/2009   Page 1 of 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAYA GROSSBAUM and MENACHEM GROSSBAUM, her spouse, individually and as guardians *ad litem* of the infant ROSIE GROSSBAUM, <br><br> Plaintiffs, <br><br> -against- <br><br> GENESIS GENETICS INSTITUTE, LLC, of the State of Michigan, MARK R. HUGHES, NEW YORK UNIVERSITY SCHOOL OF MEDICINE and NEW YORK UNIVERSITY HOSPITALS CENTER, both corporations in the State of New York, ABC CORPS. 1-10, and JOHN DOES 1-10, <br><br> Defendants. | Civil Action No. 07-cv-1359 (GEB)(ES) <br><br> **CASE MANAGEMENT ORDER** |

THIS MATTER having been opened to the Court during the September 21, 2009 in-person status conference, and for good cause shown;

IT IS HEREBY ORDERED on this 23rd day of September, 2009, as follows:

1. Plaintiffs shall identify all of their proposed experts no later than the close of business on September 25, 2009. Plaintiffs may not rely upon testimony from any experts other than those identified at that time pursuant to this Order.

2. Plaintiffs shall serve the expert report of Dr. Garry R. Cutting no later than October 16, 2009.

3. Plaintiffs shall serve all other expert reports, including, but not limited to, the reports of any damages experts, no later than November 20, 2009.

4. Defendants shall serve their expert reports no later than January 20, 2010.

Case 2:07-cv-01359-ES-CLW   Document 57   Filed 05/03/10   Page 5 of 12 PageID: 407
Case 2:07-cv-01359-GEB -ES   Document 29   Filed 09/23/09   Page 2 of 2
Case 2:07-cv-01359-GEB-ES   Document 28-2   Filed 09/22/2009   Page 2 of 2

5. Counsel for Defendants New York University School of Medicine and New York University Hospitals Center shall initiate a telephone status conference on Monday, January 25, 2010 at 11 A.M.

6. Depositions of Plaintiffs' experts shall be completed no later than February 19, 2010.

7. Depositions of Defendants' experts shall be completed no later than March 19, 2010.

8. Dispositive motions shall be filed no later than April 19, 2010.

9. Opposition to dispositive motions shall be filed no later than May 3, 2010.

10. Reply briefs in support of summary judgment motions shall be filed no later than May 10, 2010.

_____
Honorable Esther Salas, U.S.M.J.

# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 2060
NEWARK, NJ 07101
973-297-4887

November 23, 2009

## LETTER ORDER

Re:   Grossbaum v. Genesis Genetics, et al.
      Civil Action No. 07-1359 (GEB)

Dear Counsel:

The undersigned is in receipt of Plaintiff's motion for reconsideration dated October 13, 2009 (Docket Entry No. 31). For the reasons set forth below, the Motion is hereby **denied with prejudice.**

The Federal Rules of Civil Procedure do not expressly recognize motions for "reconsideration." *See S.C. v. Deptford Township Bd. Of Ed.*, 248 F.Supp.2d 368, 380 (D.N.J. 2003). In the District of New Jersey, a motion for reconsideration is governed by Local Civil Rule 7.1(i) which states that a "motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1 (i). Notably, the comments to the Rule state that the upon drafting L. Civ. R. 7.1(i), "the Court imposed a strict time limit within which a motion for reconsideration may be filed..." *Id.*

A motion for reconsideration may be made for one of three reasons: "(1) an intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Advertising & Publishing Corp.*, 825 F.Supp.1216, 1220 (D.N.J. 1993) (internal citations omitted). Moreover, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990) (internal citations omitted). Accordingly, "the motion may address only 'dispositive factual matters or controlling decisions of law' that were presented to, but not considered by, the court in the course of making the decision at issue." *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F.Supp.2d 606, 609 (D.N.J. 2003) (citing *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino, Inc.*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

By letter dated October 13, 2009, Plaintiff seeks for the Court to reconsider its September 23, 2009 ruling regarding fact discovery. Given that Plaintiff filed its request on October 13, 2009, more than 10 days after the Court's September 23, 2009 ruling, Plaintiff's motion is denied. Moreover, Plaintiff has failed to set forth any new facts or a change in controlling law that would mandate this Court revisit its earlier ruling.

SO ORDERED.

s/Esther Salas
Esther Salas, U.S.M.J

# Exhibit C

NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAYA GROSSBAUM and MENACHEM GROSSBAUM, individually and as guardians ad litem of ROSIE GROSSBAUM, <br><br> Plaintiffs, <br><br> v. <br><br> GENESIS GENETICS INSTITUTE, LLC, MARK R. HUGHES, NEW YORK UNIVERSITY SCHOOL OF MEDICINE and NEW YORK UNIVERSITY HOSPITALS CENTER, ABC CORPS. 1-10, JOHN DOES 1-10, <br><br> Defendants. | Hon. Garrett E. Brown, Jr. <br><br> Civil Action No. 07-1359 (GEB) <br><br> **MEMORANDUM OPINION** |

**BROWN, Chief Judge:**

This matter comes before the Court on the appeal (Doc. No. 34) filed by Plaintiffs Chaya Grossbaum and Menachem Grossbaum from two orders of Magistrate Judge Esther Salas. For the following reasons, the Court will affirm the orders of Magistrate Judge Salas.

### *Background*

On September 21, 2009, during a case management conference before Magistrate Judge Salas, Plaintiffs sought to reopen fact discovery, which had closed on August 3, 2009. Magistrate Judge Salas denied Plaintiffs' request at the September 21 conference and entered a Case Management Order on September 23, 2009. On October 13, 2009, Plaintiffs submitted a letter requesting reconsideration of Magistrate Judge Salas's decision. Magistrate Judge Salas denied Plaintiff's request, noting that Plaintiffs had filed their request more than 10 days after the

1

Order regarding fact discovery and that Plaintiffs had failed to set forth any new facts or a change in controlling law.

### *Discussion*

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions. On appeal, a district court may modify or set aside a magistrate judge's non-dispositive order if the ruling was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)). "A magistrate judge's ruling on a non-dispositive matter such as a discovery motion is 'entitled to great deference and is reversible only for abuse of discretion.'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 433-34 (D.N.J. 2009) (quoting *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)).

2

This Court will affirm Magistrate Judge Salas's Order denying Plaintiffs' request to reopen fact discovery. Plaintiffs' request was made on September 21, 2009, and fact discovery had closed on August 3, 2009. Prior to the close of discovery, Magistrate Judge Salas accommodated the parties' scheduling concerns and had entered six different scheduling orders based on counsels' requests regarding discovery. Plaintiffs failed to demonstrate good cause to reopen discovery before Magistrate Judge Salas and have not persuaded this Court. Magistrate Judge Salas's Order refusing to reopen fact discovery was not an abuse of discretion and is neither clearly erroneous nor contrary to law.

This Court will also affirm Magistrate Judge Salas's Order denying Plaintiffs' request for reconsideration. Plaintiffs' request was untimely and did not state a proper basis for reconsideration.

## *Conclusion*

For the foregoing reasons, this Court will affirm Magistrate Judge Salas's September 21, 2009 Order refusing to reopen fact discovery and November 23, 2009 Order denying Plaintiffs' motion for reconsideration. An appropriate form of order accompanies this Memorandum Opinion.

Dated: February 9, 2010

                                            S/Garrett E. Brown, Jr.
                                            Garrett E. Brown, Jr., Chief Judge
                                            United States District Court