UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4887** |

July 13, 2010

### LETTER ORDER

Re:   <u>Grossbaum v. Genesis Genetics, et al.</u>
      <u>Civil Action No. 07-1359 (GEB)</u>

Dear Counsel:

The undersigned is in receipt of Plaintiffs' letter dated June 2, 2010, seeking (1) to reopen fact discovery and (2) to file a motion to challenge the *pro hac vice* admission of Stephen Leuchtman, counsel for Defendants Genesis Genetics Institute, LLC and Dr. Mark Hughes's (collectively "Genesis"). The Court is also in receipt of Defendant New York University School of Medicine's ("NYU") June 7, 2010 letter requesting a continuation of the deposition of Plaintiffs' expert, Dr. Cutting. The Court has considered Plaintiffs' June 2, 2010 letter, Defendant Genesis's letter dated June 3, 2010, Defendant NYU's letter dated June 7, 2010 and Plaintiffs' letter dated June 10, 2010 and the arguments made on the record at the June 3, 2010 telephone conference. For the reasons set forth below, Plaintiffs' request is hereby **denied** and Defendant NYU's request is hereby **granted.**

Plaintiffs seek the following discovery: (1) Mr. Leuchtman's deposition relating to the authorship of Dr. Xu and Mr. Hughes's expert reports; (2) exploration of the authorship of a Genesis Genetics report based on testimony at Dr. Hughes's deposition; (3) re-deposition of two NYU personnel; (4) deposition of Dr. Zev Rosenwaks; (5) an investigation of the "Cornell experience" and (6) permission to file a motion concerning Mr. Leuchtman's conduct during depositions. Plaintiffs claim that this extensive discovery is necessary based on testimony at two recent expert depositions on May 13, 2010 and May 14, 2010. Defendants Genesis and NYU oppose such requests. Defendant NYU seeks to continue the deposition of Plaintiffs' expert, Dr. Cutting, based on documents that Plaintiffs first produced at his deposition.

Federal Rule of Civil Procedure 16 governs scheduling and management of cases. Specifically, Fed. R. Civ. P. 16 (b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." In this district, the scheduling order is given great weight. *See* Allyn Z. Lite, *New Jersey Federal Practice Rules*, comment b to L. Civ. R. 16.1 (2010 ed.); *see also ABB Air v. Reeco*, 167 F.R.D. 668 (D.N.J. 1996) (barring expert testimony on specific issue for failure

to comply with scheduling order). In fact, the order cannot be modified except on showing of good cause and "the moving party must show that despite its diligence, it could not reasonably have met the scheduling order deadline." *Hutchins v. UPS*, 2005 U.S. Dist. LEXIS 15625 (D.N.J. July 26, 2005).

Here, Plaintiffs have failed to meet their burden to demonstrate good cause for this Court to modify its scheduling order and reopen fact discovery. All discovery in this matter closed on May 11, 2010, with the exception of expert depositions which will be completed by June 30, 2010. *See* Docket Entry Nos. 54 & 65. As recently as May 11, 2010, the Court denied Plaintiffs' fourth request to reopen fact discovery. *See* Docket Entry No. 59. The Court has stressed to Plaintiffs, on numerous occasions, that fact discovery will not be reopened absent exigent circumstances. Not only has this Court been faced with Plaintiffs' numerous requests for extensions since February 2009, but in February 2010, Chief Judge Brown upheld this Court's determination that fact discovery may not be reopened. *See* Docket Entry Nos. 29, 30, 33 & 47. Nonetheless, in an effort to give the parties adequate time to complete both fact and expert discovery, this Court has made adjustments to the schedule in February 2009, June 2009, September 2009, January 2010 and May 2010. Based on this Court's discretion in managing this case, the Court finds that the parties have had ample time to complete fact discovery. Nothing in Plaintiffs' letter dated June 2, 2010 or June 10, 2010 has raised an issue that merits reopening fact discovery.

First, Plaintiffs' request to depose Mr. Leuchtman is denied. Third Circuit law does not prohibit depositions of adverse counsel regarding relevant, non-privileged information, but a party can seek to preclude an attorney's deposition "if it establishes undue burden or oppression measured by (1) the relative quality of information in the attorney's knowledge, that is whether the deposition would be disproportional to the discovering party's needs; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony." *Johnston Development Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 353 (D.N.J. 1990). Plaintiffs seek Mr. Leuchtman's deposition based on allegations that Mr. Leuchtman authored Dr. Hughes and Dr. Xu's (two of Genesis's experts) reports, rather than the experts themselves. Plaintiffs support for this contention is a comparison of the two reports and testimony by the experts.

This Court finds that the quality of information in Mr. Leuchtman's knowledge is disproportional to Plaintiffs' needs. The information sought from Mr. Leuchtman is available from other sources, namely the experts themselves. In fact, Plaintiffs had the opportunity to depose Dr. Xu and Dr. Hughes about the authorship of both expert reports at each expert's deposition. Any further inquiry is appropriate during cross examination, not in a deposition of Genesis's attorney. Plaintiffs have cited to no case law which merits the Court permitting such a deposition. On the contrary, Defendant Genesis has cited to ample reasons and relevant case law as to why such a deposition would be improper. *See* Letter dated June 3, 2010, Docket No. 63 at 2 - 4.

Second, as to categories 2 (exploration of the authorship of the Genesis Genetics's report), 3 (factual issue as to whether NYU requested a preliminary report), 4 (whether Genesis Genetics utilized "state of the art" testing) and 5 (investigation of the "Cornell experience"), Plaintiffs have not pointed to any evidence to demonstrate why they could not have explored these issues during the

two years of fact discovery or why Plaintiffs could have not have met the previous scheduling order deadlines.  *See* Plaintiffs' Letter dated June 2, 2010, Docket Entry No. 62.  Moreover, Plaintiffs have not demonstrated what the two NYU personnel or Dr. Rozenwaks would testify about which could not have been previously explored.  Finally, this Court denies Plaintiffs' request to file a motion to challenging Mr. Leuchtman's *pro hac vice* status. Plaintiffs have not pointed this Court to any evidence to support the contention that Mr. Leuchtman acted improperly during depositions in this case.

   As to Defendant NYU's request to redepose Dr. Cutting based on the documents produced by Plaintiffs at Dr. Cutting's deposition, the Court hereby **grants** that request.  As noted in both Plaintiffs' and Defendant NYU's letters, the parties have already agreed to continue the deposition to permit Defendant NYU to question Dr. Cutting about these documents. Defendant NYU has cited to a specific document which was previously requested and was not promptly produced.  *See* NYU's letter dated June 7, 2010, Docket Entry No. 66 at 1-2.  Although Plaintiffs seek for the deposition to be conducted telephonically, Plaintiffs have not set forth any reason why the documents were not previously produced and why NYU should not be permitted to ask questions about the documents in person.  Having thoroughly reviewed Plaintiffs' letter dated June 10, 2010, the Court notes that Plaintiffs failed to squarely address this Court's question as to when the documents at issue were provided to NYU.   During oral argument, which was held on June 3, 2010, the Court directed Plaintiffs' counsel to address why the documents at issue were not previously provided to NYU.  *See* Transcript 28:12 to 14.   The Court provided Plaintiffs' counsel with an opportunity to address this critical point.  *See* Transcript at 27:17 to 20.   Plaintiffs' counsel argued that the documents kept in Dr. Cutting's file contained "copies of medical records, interrogatories and deposition transcripts upon which an expert may base his opinions, as well as correspondence between counsel and the witness such as scheduling communications and communications designed to educate counsel on his specialized area of medicine."  Plaintiffs' Letter dated June 10, 2010, Docket No. 67 at 1.  Plaintiffs' counsel fails to address, however, why said documents were <u>not</u> produced to NYU in the course of written discovery, or, at the very least, prior to Dr. Cutting's deposition.

   As such, Plaintiffs' request is **DENIED** and Defendant NYU's request is **GRANTED.** NYU shall be permitted to re-depose Dr. Cutting and said deposition shall take place in person.  The Court directs the parties to limit the deposition to any and all matters that relate to the late production of documents.

   **SO ORDERED.**

                 s/Esther Salas
                  Esther Salas, U.S.M.J