Lewis Stein, Esq.
NUSBAUM, STEIN, GOLDSTEIN,
 BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, NJ  07876
nsgbk.office@verizon.net
(973) 584-1400
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

---

CHAYA GROSSBAUM and
MENACHEM GROSSBAUM, her
spouse, individually and as
*guardians ad litem* of the
infant ROSIE GROSSBAUM,

          Plaintiffs,

vs.

GENESIS GENETICS INSTITUTE,
LLC, of the State of Michigan,
MARK R. HUGHES, NEW YORK
UNIVERSITY SCHOOL OF MEDICINE
and NEW YORK UNIVERSITY
HOSPITALS CENTER, both
corporations in the State of
NEW YORK, ABC CORPS. 1-10,
JOHN DOES 1-10,

          Defendants.

CIVIL ACTION NO.
07-CV-1359 (GEB)

---

NOTICE OF MOTION
TO ALLOW FACT DISCOVERY BARRED BY
U.S. MAGISTRATE JUDGE ESTHER SALAS
AND TO REVIEW THE TERMS UNDER WHICH
THE RE-DEPOSITION OF PLAINTIFFS' EXPERT
WAS ALLOWED DEFENDANT NYU

PLAINTIFFS REQUEST ORAL ARGUMENT

Please take Notice that the Plaintiffs shall move before the Honorable Garrett E. Brown, Jr., Chief Judge, United States District Court, District of New Jersey, at the United States Courthouse, 402 East State Street, Trenton, NJ on Tuesday, September 7, 2010 at 10:00 a.m.:

(1) To allow further discovery to ferret out and explain the extraordinary circumstances in which:

   (a) An expert report submitted on behalf of the Defendant, Genesis Genetics, pursuant to Rule 26(a)(2)(B), by Kangpu Xu, Ph.D., Director, Laboratory of Preimplantation Genetics, and Associate Professor at Weill Cornell Medical College and Weill Cornell Medical Center, dated February 26, 2010 (submitted to Magistrate Judge Salas as Doc. No. 62; Cert. Exh. A, B and E) was to a substantial degree identical in form and substance (even to the degree of identical misplaced punctuation) to an expert report submitted on behalf of Defendants, Genesis Genetics and Mark Hughes, dated March 2, 2010, purported to be authored by the Defendant, Mark Hughes, M.D., Ph.D. (Doc. No. 62; Cert. Exh. D and F);

   (b) When presented with what purported to be the aforementioned report dated March 2, 2010, Dr. Hughes on deposition taken on May 14, 2010 in Detroit, Michigan, stated, "I didn't write it, but I saw it." (Doc. No. 62; Exh. H at T:6-2) Dr. Hughes further testified that it was his lawyer, defense counsel Stephen Leuchtman, who authored the entire report which he then read, "edited and submitted after email communications with Attorney Leuchtman."

(2) Plaintiffs seek leave to investigate the circumstances under which the reports of the two experts were identical in content, both as to form and substance, through the deposition of the admitted author of the Defendant Hughes' expert report, Stephen Leuchtman, Esq., including such email communications between defense counsel and the two expert witnesses.

(3) Dr. Kangpu Xu, in his expert report at Page 2, Paragraph 3, discussed in general terms circumstances which may affect the rate of allele dropout (ADO), but

2

never expressly or implicitly challenged the statistical data provided by Plaintiffs' expert, Dr. Charles Strom, Director of the Genetics Laboratory of Quest Diagnostics, in San Juan Capistrano, California, and the known rate of ADO.  However, in his deposition Dr. Xu expressly challenged Dr. Strom's statistic (Doc. No. 62; Exh. G at T:82-4), albeit not with references to other literature that would be available to the Plaintiffs, but based on statistical experience at Weill Cornell.

In addition, in Dr. Kangpu Xu's testimony obtained by deposition addressed the question of the use of a critical form of laboratory analysis known as linkage analysis and its use at Weill Cornell at the particular time of the Genesis Genetics' study of the Grossbaum's genetic material.  As noted in Doc. No. 62; Cert. at Page 8, Dr. Kangpu Xu's testimony of the exact dates were uncertain.  The dates go to the critical issue of what the state of knowledge in the laboratory profession was in 2004.  Plaintiffs seek leave to conduct further discovery with Dr. Rosenwaks with this issue.

Since these statements of fact go to the core issues of this witness' opinions, Plaintiffs seek leave to investigate the experience at the Weill Cornell Medical Center with regard to the factual representations made by the Defendants' expert in his deposition through the deposition of the Director of the Center for Reproductive Medicine and Infertility at Weill Cornell, Dr. Zev Rosenwaks;

(4) The report of Defendants, Genesis Genetics and Hughes, to NYU containing the results of the laboratory studies performed for the Plaintiffs' embryos and relied upon by both the Plaintiff and Defendant NYU as the full, complete and final report of Defendants, Genesis Genetics' and Hughes', laboratory studies (Doc. No. 62; Cert. Exh. J) was said on Dr. Hughes' deposition in May 2010 (he was previously deposed in February 2009) to be: (a) prepared and filed by an unknown employee of Genesis Genetics, and that his electronic signature was affixed by others; (b) the report was preliminary to a further report submitted by Genesis; and (c) the preliminary nature of the report was the result of requests by NYU to Genesis Genetics that a preliminary report be forwarded for

3

reasons relating to the operation of NYU's Preimplantation Genetic Diagnosis Services at the NYU Fertility Clinic. This fact testimony is new and completely different from the facts as previously understood from Dr. Hughes' prior deposition in February 2009 as well as that of the NYU witnesses. Plaintiffs seek leave to take further discovery of NYU personnel (five staff members at NYU have been deposed) to ascertain the validity of this change in circumstances now asserted by Dr. Hughes, as well as personnel at Genesis Genetics to identify the individuals now said to have been responsible for a "preliminary report" to NYU.

Supporting documents:

Annexed hereto in support of this Motion are:

(1) Certification of the undersigned, Lewis Stein, Attorney for the Plaintiffs, dated June 2, 2010 with attached Exhibits that were submitted to the U.S. Magistrate Judge Esther Salas and filed as Doc. No. 62; and (2) Brief.

Certification:

The undersigned certifies on behalf of the Plaintiffs that the discovery dispute contained in the within Motion was of a nature that further communication with the Defendants would not have been fruitful and therefore, was not undertaken.

Date: July 27, 2010

_____
Signature of Attorney

Lewis Stein, Esq.
Printed name

20 Commerce Blvd., Suite E
Succasunna, NJ   07876
Address

nsgbk.office@verizon.net
E-mail address

(973) 584-1400
Telephone number

4