Thomas E. Redburn, Jr.
Sarah Blaine
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: 973.597.2500
Fax: 973.597.2400

-and-

Stephen N. Leuchtman, P.C.
**OF COUNSEL TO TROWBRIDGE LAW FIRM, P.C.**
1380 East Jefferson Avenue
Detroit, MI 48207
Tel: 313.259.6900 x. 126
Fax: 313.259.3474

*Attorneys for Defendants Genesis Genetics Institute, LLC and Dr. Mark R. Hughes*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAYA GROSSBAUM and MENACHEM GROSSBAUM, her spouse, individually and as *guardians ad litem* of the infant ROSIE GROSSBAUM,<br><br>Plaintiffs,<br><br>-vs-<br><br>GENESIS GENETICS INSTITUTE, LLC, of the State of Michigan, MARK R. HUGHES, NEW YORK UNIVERSITY SCHOOL OF MEDICINE and NEW YORK UNIVERSITY HOSPITALS CENTER, both corporations in the State of New York, ABC CORPS. 1-10, JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.<br>07-CV-1359 (GEB)(ES)<br><br>**DECLARATION OF SARAH BLAINE** |

-2-

SARAH BLAINE, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am an associate with the firm Lowenstein Sandler PC, co-counsel for Defendants Genesis Genetics Institute, LLC and Dr. Mark R. Hughes, (collectively, "Genesis") in the above-captioned matter. I am a member in good standing of the bar of this Court. I respectfully submit this Declaration in opposition to Plaintiffs' appeal of Magistrate Judge Salas's July 13, 2010 Letter Order.

2. I have been an attorney of record on this case since I filed my notice of appearance in October of 2007, and I have been actively involved in defending it except when I was on maternity leave for approximately six months from September of 2008 through March of 2009. My colleague John F. Basiak was responsible for this case while I was on maternity leave, and he retained primary responsibility for it until he left the firm in June of 2009, at which time I returned to primary responsibility for the case.

3. I attended Magistrate Judge Salas's Initial Conference and can attest that Plaintiffs' counsel indicated that he did not want to move ahead with discovery (including initial disclosures) because Plaintiffs had not yet located an expert who could assure them that they even had a viable cause of action. Rather, Plaintiffs' counsel admitted in Magistrate Judge Salas's chambers that they had only filed the case in 2007 out of statute of limitations concerns.

4. Initial Disclosures were not actually exchanged until May of 2008, when Plaintiffs finally indicated that they believed they had a viable cause of action.

5. On August 3, 2009, fact discovery closed without, to the best of Genesis's knowledge, any outstanding discovery owing from Genesis to Plaintiffs. Similarly, Genesis was not expecting to receive any further fact discovery from Plaintiffs.

-3-

6. Attached hereto as Exhibit 1 is a true and correct copy of the September 21, 2009 Transcript of Case Management Conference before the Honorable Esther Salas, U.S.M.J.

7. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' February 21, 2008 Letter to Magistrate Judge Salas.

8. Attached hereto as Exhibit 3 is a true and correct copy of Plaintiffs' May 11, 2009 Letter to Magistrate Judge Salas.

9. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiffs' August 25, 2009 Letter to Magistrate Judge Salas.

10. Attached hereto as Exhibit 5 is a true and correct copy of the Court's June 10, 2009 Pretrial Scheduling Order.

11. Attached hereto as Exhibit 6 is a true and correct copy of the August 24, 2009 letter from Lewis Stein to Stephen N. Leuchtman.

12. Attached hereto as Exhibit 7 is a true and correct copy of the August 27, 2009 letter from Sarah Blaine to Magistrate Judge Esther Salas.

13. Attached hereto as Exhibit 8 is a true and correct copy of the September 23, 2009 Case Management Order.

14. Attached hereto as Exhibit 9 is a true and correct copy of the October 13, 2009 letter from Lewis Stein to Magistrate Judge Salas.

15. Attached hereto as Exhibit 10 is a true and correct copy of Magistrate Judge Salas's November 23, 2009 Letter Opinion.

16. Attached hereto as Exhibit 11 is a true and correct copy of Judge Garrett E. Brown, Jr.'s February 9, 2010 Opinion.

17. Attached hereto as Exhibit 12 is a true and correct copy of Plaintiffs' May 3, 2010 Letter to Magistrate Judge Salas.

18. Attached hereto as Exhibit 13 is a true and correct copy of a May 3, 2010 letter from Sarah Blaine to Magistrate Judge Salas.

19. Attached hereto as Exhibit 14 is a true and correct copy of Magistrate Judge Salas's May 14, 2010 Order in this matter.

20. Attached hereto as Exhibit 15 is a true and correct copy of a June 1, 2010 letter from Lewis Stein to Magistrate Judge Salas.

21. Attached hereto as Exhibit 16 is a true and correct copy of a June 2, 2010 letter from Lewis Stein to Magistrate Judge Salas.

22. Attached hereto as Exhibit 17 is a true and correct copy of a June 3, 2010 letter from Sarah Blaine to Magistrate Judge Salas.

23. Attached hereto as Exhibit 18 is a true and correct copy of a September 2, 2009 letter from Lewis Stein to Magistrate Judge Salas.

24. Attached hereto as Exhibit 19 is a true and correct copy of Magistrate Judge Salas's July 13, 2010 Letter Order.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 24, 2010       By: __/s/ Sarah Blaine_____
                                                               Sarah Blaine