# EXHIBIT 4

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE•
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

August 25, 2009

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A
*Civil Trial Attorney
•Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar

Hon. Esther Salas, U.S.M.J.
US District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

RE:   Grossbaum vs. Genesis Genetics, etal.
      Civil Action No.: 07-CV-1359 (HAA)

Dear Judge Salas:

I regret to advise you that plaintiffs' ability to comply with the Court's most recent Scheduling Order of June 10, 2009 has been unsuccessful.

As you know from prior correspondence (see my letter of May 6, 2009 to Your Honor annexed hereto) the complete record of the laboratory studies done by Defendant Genesis Genetics were not provided to the plaintiff notwithstanding our numerous requests that started prior to the initiation of the litigation until May 8, 2009 (see our letter of May 11, 2009 annexed hereto).

Needlesstosay this delay in providing the records had the effect of delaying our ability to have our consultant, Dr. Garry R. Cutting, Professor of Pediatrics and Medicine and Director of the DNA Diagnostic Laboratory, Institute of Genetic Medicine at Johns Hopkins University, relay his conclusions as to the departures from the standard of care by Defendant Genesis Genetics. Furthermore, the delay in receiving these records further delayed our efforts to consult directly with Dr. Cutting concerning the various complicated issues of genetic medicine involved in this case.

To further advance the production of a report in this case and facilitate our understandings of the complex issues, we traveled to Baltimore on July 7, 2009 to meet with Dr. Cutting and arrange for his report. At that meeting it was determined to abide the deposition of the embryologist at NYU Medical Center before he dictated his final impressions.

Page Two
August 25, 2009

  Our efforts to accelerate the deposition process at NYU was met with the advice by defense counsel that no two witnesses would be available on the same day and as a result thereof, the plaintiffs' counsel was required to travel to New York for depositions of the defendant NYU's personnel on the following dates: Dr Licciardi, the plaintiff's treating IVF doctor on 3/11/09; Kayclan Brown, RN on 5/27/09; Imelda Weill, RN on 6/4/09; Dr. James Grifo, Director of the Fertility Clinic, on 6/24/09; and Alexis Adler, the embryologist, on July 13, 2009, the transcript of which deposition was received on July 30, 2009.

  This deposition transcript was forwarded to Dr Cutting on August 4, 2009.

  Our further communication with Dr. Cutting's office brought the disclosure that Dr. Cutting was unavailable to receive emails until his return on August 24, 2009. Needlesstosay, efforts to obtain a final and detailed report in this matter from Dr. Cutting up until this time have not met with success, although it does not appear unreasonable that having received further information as late as August 5th or 6th, Dr. Cutting would not be expected in the summer month of August to have produced a report previous to this time.

  The Court should also be advised that plaintiffs anticipate a further expert report from Svetlana Rechitsky, PhD who is in charge of the PGD testing laboratory at Reproductive Genetics Institute in Chicago and is expected to provide an additional report on behalf of the plaintiff.

  Moreover, with respect to damages, plaintiff has consulted Linda Lajterman of Life Care Specialists, LLC for the purpose of preparing a life care plan with respect to the infant plaintiff. We have obviously not incurred the substantial expense of the preparation of the life care plan pending our receipt of the liability reports which will confirm the basis for proceeding.

  It is certainly the desire of the plaintiff, as evidenced by our prior communications with the Court, to move these proceedings, as our involvement with the numerous depositions to date have indicated. However, we respectfully suggest that the Scheduling Order provided by the Court with respect to this matter cannot be accommodated and should be revisited.

Respectfully submitted,

Lewis Stein

LS:lh
cc: Stephen N. Leuchtman, Esq.
   John F. Basiak, Esq.
   R. Scott Eichhorn, Esq.