# EXHIBIT 7



**Lowenstein Sandler**
ATTORNEYS AT LAW

Sarah Blaine
Associate
Tel 973 422 6728
Fax 973 422 6729
sblaine@lowenstein.com

August 27, 2009

**VIA ECF**
The Honorable Esther M. Salas, U.S.M.J.
United States District Court
for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re:  *Grossbaum v. Genesis Genetics, et al.;*
     Civil Action No. 07-cv-1359 (GEB)(ES)

Dear Judge Salas:

This firm, along with Stephen N. Leuchtman, Of Counsel to Trowbridge Law Firm, P.C., represents defendants Genesis Genetics Institute, LLC and Dr. Mark R. Hughes in the above-referenced civil action. We write in response to Plaintiffs' August 25, 2009 letter regarding their failure to adhere to this Court's June 10, 2009 case management order ("June 10, 2009 CMO"; *See Exhibit A*).

Plaintiffs' letter attempting to justify their failure to timely serve *any* of their three anticipated expert reports sets out no good cause for this Court to extend Plaintiffs' expert discovery deadline. Thus, the current[1] case management order should not be "revisited." Instead, we respectfully request that the Court bar Plaintiffs' experts and set a briefing schedule for defendants' summary judgment motions.

**Plaintiffs' Experts Should Be Barred**

Plaintiffs' August 25, 2009 letter to the Court fails to set out any good cause for this Court to extend Plaintiffs' time for serving expert reports. Therefore, Plaintiffs' experts should be barred, and Defendants should be permitted to submit summary judgment motions.

On June 3, 2009, this Court held a telephone status conference in this matter, to address, among other things, the parties' need to set a final case management schedule and bring this matter to a conclusion. At the time of that status conference, document discovery had been complete for approximately a month (since May 8, 2009), and fact depositions were largely complete as well,

---

[1] Indeed, this is the *fifth* scheduling order to have been issued in this case. See prior scheduling orders (December 17, 2007; March 3, 2008; June 4, 2008; February 19, 2009; and June 10, 2009). Defendants have been more than patient with Plaintiffs' dilatory approach to discovery, but more than two and a half years into the case, enough is indeed enough.

Lowenstein Sandler PC   In California, Lowenstein Sandler LLP                                                   www.lowenstein.com

65 Livingston Avenue  Roseland, NJ 07068  Tel 973 597 2500  Fax 973 597 2400                          New York  Palo Alto  Roseland

The Honorable Esther M. Salas, U.S.M.J.  August 27, 2009
Page 2

with one deposition to take place the following day, and two more fact depositions to be scheduled (one took place on June 24, 2009, and the other was set for July 13, 2009).

Thus, at that status conference, the finish line was finally in sight, and all parties agreed to what they believed to be a realistic schedule for wrapping up the case. Integral to this schedule was the deadline for Plaintiffs' expert reports -- for liability and damages -- both of which were to be due on August 14, 2009. Shortly after the status conference, on June 10, 2009, the Court issued its fifth and, defendants at least believed, final case management order in this matter.

To date, Plaintiffs have not served *any* expert reports, nor have they complied with Local Civil Rule 6.1(a)(2), which requires that each application for an extension of time "be served *prior to* the expiration of the period sought to be extended." Indeed, Plaintiffs did not even bother to contact the Court with regard to their violation of the Court's June 10, 2009 CMO until more than ten days after the expert report deadline had passed.

More importantly, Plaintiffs' letter offers no good cause for their delay. *First*, Plaintiffs' complaint that all written discovery was not served until early May of 2009 is to no avail -- this issue was before all parties and the Court at the June 3, 2009 status conference at which the dates for this final realistic CMO were set. These are the dates that the Court incorporated into its June 10, 2009 CMO. In June, the parties and the Court believed this deadline could be met. If Plaintiffs actually believed that their receipt of the remaining written discovery in early May of 2009 would prevent them from meeting the August 14, 2009 deadline for serving expert reports, then they had an obligation to raise this issue during the June 3 status conference.

*Second*, Plaintiffs' liability *and damages* reports were due by August 14, 2009. Plaintiffs were apparently aware -- as early as July 7, 2009 -- that one of their *liability reports* -- that of Dr. Cutting -- was unlikely to be completed before the deadline for service of *all* expert reports -- which they had agreed to only a month before. Furthermore, Plaintiffs had made a tactical decision not to *even begin* work with their damages expert until their liability reports were complete. Thus, Plaintiffs knew as early as July 7, 2009 that it was virtually impossible for them to submit all of their expert reports by the Court's deadline. Nevertheless, Plaintiffs made no attempt to either obtain consent to an extension or to contact the Court in compliance with Local Civil Rule 6.1 until more than ten days *after* the deadline had elapsed. It is difficult to avoid the conclusion that Plaintiffs' violation of the Court's June 10, 2009 CMO and this Court's Local Rules was willful.

*Third*, by their own admission, Plaintiffs did not even attempt to make a good faith effort to complete Dr. Cutting's report by the August 14, 2009 deadline. The final deposition Plaintiffs claimed they needed for Dr. Cutting's report was complete on July 13, 2009 -- more than a month before the expert report deadline. Nevertheless, despite the looming deadline, Plaintiffs neglected to order an expedited transcript for Dr. Cutting's review, and instead waited more than two weeks for the transcript to arrive. Further, once Plaintiff's counsel received the transcript, they then waited an additional five days before even bothering to forward it to their expert.



The Honorable Esther M. Salas, U.S.M.J.  August 27, 2009
Page 3

Nonetheless, their expert received the transcript more than a week *before* the expert report deadline. It was not until then that Plaintiffs actually called their expert -- and that is when they learned that he was out of the office and unreachable.

Although Plaintiffs apparently learned that Dr. Cutting was unavailable and that they were not going to be able to meet the expert report deadline set out in the June 10, 2009 CMO about a week prior to the deadline, Plaintiffs made no effort to inform opposing counsel or the Court of these facts. Instead, they let the deadline lapse and now, more than ten days later, presume that the Court will grant them what appears to be an infinite extension of time. This behavior defeats the purpose of issuing case management orders.

*Fourth*, Plaintiffs have informed the court, without more, that they "anticipate a further expert report from Svetlana Rechitsky, PhD [sic] who is in charge of the PGD testing laboratory at Reproductive Genetics Institute in Chicago and is expected to provide an additional report on behalf of the plaintiff." Yet Plaintiffs offer no reason why this report has not been timely served. This expert report should also be barred.

*Fifth*, Plaintiffs have admitted that now, more than ten days *after* the report was due, *they have not even asked their expert to begin work* on the damages report they propose to submit. Plaintiffs' tactical decision to take a "two-tiered approach" to preparing expert reports (*i.e.*, deciding not to start work on their damages report before completing their liability reports) renders their failure to serve even the liability reports by the deadline even more remarkable. Additional expense or not, Plaintiffs had a duty to comply with this Court's June 10, 2009 CMO or to provide the Court with advance notice of good cause for their inability to comply with this order. Plaintiffs' damages expert should be barred.[2]

### Defendants' Summary Judgment Motions Should Be Submitted And Heard Now

Given that Plaintiffs have failed -- more than two years into this litigation -- to "confirm the basis for the proceeding," Plaintiffs' expert reports should be barred and Defendants should be permitted to immediately file for summary judgment on all claims. We thank the Court for its time, and look forward to a quick resolution of this matter.

Respectfully submitted,

Sarah Blaine

---

[2] While it is not currently before the Court, the Court should be aware that by letter on August 24, 2009 (*See Exhibit B*), Plaintiffs announced their intention to pursue further *fact discovery* in this case. In that letter, Plaintiffs requested, for the first time, to depose Genesis Genetics' Laboratory Director. As the Court is aware, fact discovery closed on August 3, 2009. Therefore, Genesis Genetics does not intend to produce its Laboratory Director for a deposition.

**Lowenstein Sandler**
ATTORNEYS AT LAW

The Honorable Esther M. Salas, U.S.M.J.  
Page 4

August 27, 2009

SB:ep

21121/2  
08/27/09 12358689.1

Enclosures  
cc:   Lewis Stein, Esq.  
       R. Scott Einhorn, Esq.  
       Stephen N. Leuchtman, Esq.


Lowenstein Sandler ATTORNEYS AT LAW