# EXHIBIT 13



**Sarah Blaine**
Associate

Tel  973 422 6728
Fax  973 422 6729

sblaine@lowenstein.com

May 3, 2010

**VIA ECF**
The Honorable Esther Salas, U.S.M.J.
Martin Luther King Jr. Federal Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:  *Grossbaum v. Genesis Genetics Institute, LLC, et al.;*
     **Civil Action No. 07-1359(GEB)(ES)**

Dear Judge Salas:

This firm, along with Stephen N. Leuchtman, Of Counsel to the Trowbridge Law Firm, P.C.,
represents defendants Genesis Genetics Institute, LLC and Dr. Mark R. Hughes (collectively,
"Genesis") in the above-referenced civil litigation.  We write in opposition to Plaintiffs' request
that the Court order Genesis to make two fact witnesses available for deposition on May 14,
2010.  Plaintiffs have already sought (and been denied) this relief on at least three separate
occasions, and Genesis will be highly prejudiced if Plaintiffs are allowed to take these fact
depositions at the conclusion of expert discovery.

As the Court is aware, fact discovery in this case closed on August 3, 2009.  On August 24,
2009, Plaintiffs sent a letter to Genesis regarding <u>Plaintiffs</u>' failure to timely serve their <u>expert</u>
reports and requesting, for the first time, that Genesis make additional fact witnesses available
for deposition.  Genesis refused, and at the September 21, 2009 in-person status conference, this
Court ruled that Plaintiffs were not entitled to additional fact discovery.  The Court's ruling was
memorialized in the September 23, 2009 case management order.  *See* Exhibit A.  On October
13, 2009, Plaintiffs filed an untimely motion for reconsideration of the Court's denial of
additional fact discovery.  On November 23, 2009, the Court entered an order denying Plaintiffs'
motion for reconsideration.  *See* Exhibit B.  On December 4, 2009, Plaintiffs appealed the order
denying their motion for consideration.  On February 9, 2009, Chief Judge Garrett E. Brown, Jr.
denied Plaintiffs' appeal.  *See* Exhibit C.  Those orders are the law of the case, and Plaintiffs
have not presented any good cause to set them aside.

Plaintiffs present no arguments or reasoning setting out <u>why</u> they need additional fact discovery.
Instead, they argue that "it would appear to be of little adverse consequence to this Defendant as
well as NYU to allow the Plaintiff to depose two of Defendant Hughes' employees who are
situated in Detroit at the Genesis Genetics location on the same day as Dr. Hughes' deposition of
May 14th."  Plaintiffs' assessment of the harm is just plain wrong: <u>Genesis would be highly
prejudiced by being forced to (1) make two additional fact witnesses available to be deposed</u>

The Honorable Esther Salas, U.S.M.J.                                        May 3, 2010
Page 2

<u>after the conclusion of the liability experts' depositions, (2) do so on ten days' notice and (3) do</u>
<u>so during the same 48-hour period in which its liability experts are being deposed halfway across</u>
<u>the country from each other.</u>

*First*, as Plaintiffs set out in their letter, all of the liability expert depositions will have been
completed by May 14, 2010.  The experts drafted their reports and gave their depositions based
on the current record.  Allowing additional facts to be introduced following the conclusion of the
expert discovery process introduces a serious risk that the expert reports may need to be
supplemented and the liability experts' depositions may need to be reopened.  *Second*, the
current case management order calls for dispositive motions to be filed no later than June 11,
2010.  Reopening fact -- and, consequently, expert -- discovery will prejudice Genesis by once
again seriously delaying the briefing of summary judgment motions and, if necessary, trial of the
case.    *Third*, despite the roadblocks thrown in its path by Plaintiffs' repeated unilateral
rescheduling of their liability experts' depositions, Genesis has endeavored in good faith to
comply with the deadlines in the Court's case management order, including scheduling the
depositions of its liability experts on consecutive days in New York City and Michigan.
Burdening Mr. Leuchtman with the task of preparing for and defending two fact witness
depositions during the same 48-hour period in which he is flying across the country to defend the
depositions of his two liability experts is simply unfair, and would be highly prejudicial to
Genesis.

Genesis respectfully requests that this Court once again refuse Plaintiffs' untimely and unduly
burdensome request to reopen fact discovery.  Because this is Plaintiffs' fourth attempt to
convince the Court to grant it this relief, Genesis also respectfully requests that the Court award
Genesis the costs it incurred responding to Plaintiffs' fourth attempt to reopen fact discovery.

Respectfully submitted,

Sarah Blaine

SB:ep

21121/2
05/03/10 14292314.1

Enclosures
cc:      All counsel via ECF

