# EXHIBIT 15

# NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON

A Professional Corporation
Counsellors At Law

LEWIS STEIN*
ALAN D. GOLDSTEIN
RONALD W. BRONSTEIN
PATRICIA E. ROCHE°
LARRY I. KRON
ROBERT D. KOBIN¤
SHARON L. FREEMAN+ ^
SUSAN B. REED
STEVEN J. LOEWENTHAL ◊

20 Commerce Boulevard, Suite E
Succasunna, New Jersey 07876
973-584-1400
Fax: 973-584-8747
Email: nsgbk.office@verizon.net

- Of Counsel -
PAUL R. NUSBAUM

CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A
*Civil Trial Attorney
°Matrimonial Attorney
^Workers' Compensation Attorney
¤Member Florida Bar
◊Member New York Bar
+Member Pennsylvania Bar

June 1, 2010
Via Electronic Filing

Hon. Esther Salas, U.S.M.J.
US District Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

    Re:    **Grossbaum vs. Genesis Genetics, et al.**
           **Civil Action No. 07-CV-1359 (HAA)**

Dear Judge Salas:

Defendant NYU has prompted the Court's Status Conference of June 3, 2010 at 4:30 p.m. with a letter that is notable for its lack of completeness regarding the progress in completing expert depositions according to the Court's Scheduling Order. The complete picture as we see it is as follows:

(1) Dr. Garry Cutting (Plaintiff's liability expert from Johns Hopkins)- After being away from Baltimore for approximately four weeks, Dr. Cutting agreed to and was deposed for four and one-half hours on Saturday, April 24, 2010 in Baltimore where the deposition was completed at 5:30 p.m.

(2) Dr. Charles Strom (Plaintiff's liability expert against Genesis Genetics from Quest Diagnostics, San Juan Capistrano, California)- Dr. Strom was deposed at a JFK Airport hotel on May 4, 2010 from 10:30 a.m. to 2:00 p.m. when the deposition was adjourned to allow for a scheduled Status Conference with the Court. Dr. Strom has offered to conclude his deposition at any mutually convenient time in California or for four hours on the morning of June 23rd in NYC.

Hon. Esther Salas, U.S.M.J.
June 1, 2010
Page Two of Three

      Stephen Leuchtman has responded as follows, "June 23, 2010 is an acceptable date and Manhattan is an acceptable (actually preferable) location for the continuation of the deposition of Dr. Strom."

(3) Plaintiff offered the deposition of the treating physician of the Infant Plaintiff, Dr. Arthur Atlas, on a mutually agreed date of May 17th. This deposition was cancelled by Defendant NYU. Dr. Atlas' deposition was rescheduled to May 24th; however, Defendant NYU also cancelled this deposition. Dr. Atlas' deposition has not been rescheduled as of this writing.

(4) The deposition of Defendant Genesis Genetics' liability expert, Dr. Kangpu Xu, took place to completion in New York City on May 13th.

(5) The Defendant, Dr. Mark Hughes, who has offered himself as an expert, was deposed in Detroit, Michigan to completion on May 14th.

(6) The deposition of Defendant NYU's liability expert, Dr. Samuel Pang, scheduled for June 2nd in Lexington, Massachusetts, was cancelled by Defendant NYU without a new date on May 28th.

(7) Defendant Genesis Genetics' damages expert (a medical specialist in cystic fibrosis), Dr. Douglas Holsclaw from Philadelphia, PA, has not been offered for his deposition at this time.

(8) Both Plaintiffs' and Defendant Genesis Genetics' life care planners have not as of yet been scheduled for their depositions. Plaintiff's life care planner is available on any reasonable notice. Defendant has not suggested dates to schedule the deposition of its life care planner.

    Defendant NYU is seeking a further deposition of Dr. Cutting claiming that the content of a confidential letter written to Plaintiff's counsel prior to Plaintiff obtaining the complete laboratory records of Genesis Genetics or the depositions of any of the five NYU staff requires further questioning of Dr. Cutting. This issue was raised for the first time without prior notice in the middle of the Status Conference that took place following Dr. Strom's deposition May 4th. In the interest of eliminating any suggestion that Dr. Cutting or the Plaintiff was withholding or changing any aspect of his opinion, Plaintiff

Hon. Esther Salas, U.S.M.J.
June 1, 2010
Page Three of Three

has agreed to allow the Defendant NYU to further question Dr. Cutting with regard to the specific confidential letter to the Plaintiff. However, Plaintiff's agreement is conditioned on the deposition taking place telephonically with Dr. Cutting allowed to remain in his office in Baltimore and all counsel remaining in theirs with a court reporter at the office of NYU counsel. To date, NYU has not indicated agreement with this arrangement. If NYU seeks anything more, Plaintiff will oppose the continued deposition and the further imposition on Dr. Cutting's time beyond that which he has already given, as noted above.

In addition, the continued depositions of both of Plaintiff's experts should be conditioned upon the payment of the deposition fees of Plaintiff's experts prior to any further deposition activity.

Further, as a result of events that took place in connection with the expert reports and deposition testimony of Defendant Genesis Genetics' experts, Dr. Kangpu Xu and Dr. Mark Hughes, which is the subject of a proposed motion being submitted under separate cover, Plaintiff seeks further depositions in the matter of:

    A. Stephen Leutchman, Esq.
    B. Dr. Grifo of NYU (re-deposition)
    C. Alexis Adler of NYU (re-deposition)
    D. Dr. Zev Rosenwaks of Weill Cornell Medical College.

Respectfully yours,

Lewis Stein

LS:svd
cc:    Stephen N. Leuchtman, Esq.- via electronic filing
       Jamele A. Hamad, Esq.- via electronic filing