02981.00101-RSE

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
425 EAGLE ROCK AVENUE, SUITE 302
ROSELAND, NJ 07068
(973) 618-4100
ATTORNEYS FOR DEFENDANTS-
New York University School of Medicine and New York University Hospitals Center

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAYA GROSSBAUM and MENACHEM GROSSBAUM, her spouse, individually and as guardians ad litem of the infant, ROSIE GROSSBAUM,<br><br>Plaintiffs,<br><br>v.<br><br>GENESIS GENETICS INSTITUTE, LLC of the State of Michigan, MARK R. HUGHES, NEW YORK UNIVERSITY SCHOOL OF MEDICINE and NEW YORK UNIVERSITY HOSPITALS CENTER, both corporations in the State of New York, ABC CORPS. 1-10, and JOHN DOES 1-10,<br><br>Defendants. | CASE NO.:   07-CV-1359<br><br>Civil Action<br><br>**MEMORANDUM OF LAW** |

**OPPOSITION TO PLAINTIFF'S APPEAL OF JULY 13, 2010 LETTER ORDER OF MAGISTRATE JUDGE SALAS**

The New York University Defendants ("NYU") submit this memorandum of law in opposition to Plaintiffs' appeal of Magistrate Judge Salas's July 13, 2010 Letter Order denying Plaintiffs' request for further discovery.

## PRELIMINARY STATEMENT

Plaintiff's is now appealing Magistrate Judge Salas's July 13, 2010 Letter Order (the "July 13 Letter Order") which denied plaintiff's latest request to re-open fact discovery and allowed NYU the right to continue the deposition of plaintiff's liability expert. Plaintiff's appeal of the July 13 order should be denied on all counts. Although NYU will be relying upon the papers produced by counsel for Genesis genetics, please accept this memorandum of law as to the issue of the completion of the deposition of plaintiff's liability expert.

## PROCEDURAL HISTORY

NYU hereby relies upon the procedural history provided by co-defendant Genesis Genetics in opposition to plaintiff's appeal.

## FACTS

NYU hereby relies upon the procedural history provided by co-defendant Genesis Genetics in opposition to plaintiff's appeal.

## ARGUMENT

### TO SUCCEED ON APPEAL, PLAINTIFF MUST DEMONSTRATE THAT MAGISTRATE JUDGE SALAS ABUSED HER DISCRETION BY DENYING THE APPLICATION TO DISALLOW FOR THE COMPLETION OF THE DEPOSITION OF PLAINTIFF'S LIABILITY EXPERT.

Where an appeal seeks review of a matter within the exclusive purview of the Magistrate Judge, such as entry of a scheduling order or adjudication of a discovery dispute, Courts in this district have held that the proper standard of review is whether there was an abuse of discretion by the Magistrate Judge. *See Glazewski v. Corzine*, 2008 U.S. Dist. LEXIS 103322 (D.N.J. Dec. 15, 2008) (where the Magistrate Judge has managed the case from the outset, and thus has a thorough knowledge of the proceedings "an abuse of discretion standard is appropriate to determine whether a scheduling order should be reversed").

A Magistrate Judge's authority to guide case management has been thoroughly established by Local Civil Rule 16.1 and Local Civil Rule 72.1(a). Local Civil Rule 16.1(b)(1) requires the Magistrate Judge to "enter a scheduling order" and Local Civil Rule 72.1(a)(3) tasks Magistrate Judges with "[c]onducting pretrial conferences as set forth in Fed. R. Civ. P. 16 and 26(f), which include but are not limited to scheduling, settlement, discovery, preliminary and final pretrial conferences, and entry of appropriate orders, including scheduling orders in accordance with L. Civ. R. 16.1 and Fed. R. Civ. P. 16."

Magistrate Judge Salas has demonstrated an appreciation for the nuance of the claims and defenses at issue during her management of this matter from its inception. The July 13th order, as it applies to NYU, allowed for the re-deposition of an expert because portions of the opinions he expressed in a report which predates the report served by counsel for the plaintiff was not produced until after the completion of the expert's deposition.

Specifically, Dr. Gary Cutting was produced for deposition on April 24, 2010. Dr. Cutting was produced on a Saturday in Baltimore, Maryland in order to accommodate his busy schedule. Prior to Dr. Cutting's deposition, counsel served an expert report dated September 29, 2009. Dr. Cutting's September 29, 2009 report does not have any reference to prior reports and/or any other written opinions provided to counsel in the form of a report. Nor has counsel ever advised of the existence of any other reports containing opinions regarding liability and/or causation issues. Upon inspection of Dr. Cutting's file, it was discovered that the file contained previously un produced reports, which Mr. Stein supplied after the deposition.

Almost two years prior to his deposition, on March 24, 2008, Dr. Cutting responded to Mr. Stein's request for a report regarding causation. The March 24, 2008 report provided opinions that contradicted and expanded Dr. Cutting's deposition testimony. As such, a re-deposition of Dr. Cutting was sought. After reviewing submission and participating in a telephonic conference, Magistrate Judge Salas ordered the re deposition of Dr. Cutting regarding his previously undisclosed opinions.

Counsel's papers have not provided any indication that Magistrate Judge Salas abused her discretion in allowing the re-deposition. Thus, plaintiff's appeal should be denied.

CONCLUSION

For the foregoing reasons, Plaintiffs' appeal of Magistrate Judge Salas's July 13, 2010 Letter Order should be denied in its entirety.

Respectfully submitted,

/s/ *Jamele A. Hamad*

Jamele A. Hamad

JAH/mb

cc:  Stephen N. Leuchtman, Esq.
     Lewis Stein, Esq.
     Sarah Blaine, Esq.