NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
CHAYA GROSSBAUM and MENACHEM   )
GROSSBAUM, individually and as )
guardians ad litem of ROSIE GROSSBAUM, )
                                )     Hon. Garrett E. Brown, Jr.
              Plaintiffs,       )
                                )     Civil Action No. 07-1359 (GEB)
       v.                       )
                                )     **MEMORANDUM OPINION**
GENESIS GENETICS INSTITUTE, LLC, MARK )
 R. HUGHES, NEW YORK UNIVERSITY )
SCHOOL OF MEDICINE and NEW YORK )
UNIVERSITY HOSPITALS CENTER,    )
ABC CORPS. 1-10, JOHN DOES 1-10, )
                                )
              Defendants.       )
_____)

**BROWN, Chief Judge:**

This matter comes before the Court on the appeal (Doc. No. 76) filed by Plaintiffs Chaya Grossbaum and Menachem Grossbaum from Magistrate Judge Esther Salas's July 13, 2010 order. For the following reasons, the Court will affirm Magistrate Judge Salas's order.

*Background*

By letter of June 2, 2010, Plaintiffs sought to reopen discovery to allow for the following: (1) deposition of defense counsel regarding his role in preparing the expert reports of defense experts Dr. Xu and Dr. Hughes; (2) exploration of the authorship of a Genesis Genetics preliminary report based on Dr. Hughes's deposition testimony that he did not prepare it; (3) re-deposition of two NYU personnel regarding whether they requested a preliminary report; (4) deposition of Dr. Zev Rosenwaks, head of the Weill Cornell fertility clinic, regarding the "state

1

of the art analyses" at the clinic prior to the clinic's tests of Plaintiffs' embryos; and (5) an investigation of the "Cornell experience" with allele-drop-out test failures (ADOs) in light of Dr. Xu's testimony that ADOs occurred in 5%–10% of tests.  Plaintiffs also sought permission to file a motion challenging defense counsel's *pro hac vice* status.  Plaintiffs claimed that revelations at the May 13 and 14, 2010 expert depositions of Dr. Hughes and Dr. Xu justified the additional discovery.  Magistrate Judge Salas denied these requests by Letter Order of July 13, 2010 ("July 13 Order"), finding that Defendants had not shown good cause to reopen discovery and/or to challenge defense counsel's *pro hac vice* status.  Specifically, Magistrate Judge Salas found the request to depose defense counsel unwarranted based on the availability of the information sought by other sources, and that Plaintiffs had failed to provide a satisfactory explanation for why these matters could not have been explored during the more than two years of discovery in this case.  Plaintiffs now appeal Magistrate Judge Salas's July 13 Order.

## *Discussion*

Pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.1(a), a United States Magistrate Judge may hear non-dispositive motions.  On appeal, a district court may modify or set aside a magistrate judge's non-dispositive order if the ruling was "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A); *see also Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).  A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.*, 131 F.R.D. 63, 65 (D.N.J. 1990) (quoting *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948)).  A magistrate judge's order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).  "A magistrate judge's ruling on a non-dispositive matter such as a discovery motion is 'entitled to great deference and is reversible only for abuse of discretion.'" *Eisai Co. v. Teva Pharms. USA, Inc.*, 629 F. Supp. 2d 416, 433-34 (D.N.J. 2009) (quoting *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996)).  "An abuse of discretion occurs: when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted." *Leap Sys., Inc. v. Moneytrax, Inc.*, No. 05-1521, 2010 WL 2232715, at *3 (D.N.J.  June 1, 2010) (internal quotations and citations omitted).

     This Court will affirm Magistrate Judge Salas's Order denying Plaintiffs' request to reopen fact discovery.  Pursuant to Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  A party seeking to reopen discovery bears "the burden of demonstrating that 'despite its diligence, it could not reasonably have met the scheduling order deadline.'" *Spring Creek Holding Co. v. Keith*, No. 02-376, 2006 WL 2403958, at *3 (D.N.J. Aug. 18, 2006) (quoting *Hutchins v. United Parcel Serv., Inc.*, No. 01-1462, 2005 WL 1793695, at *3 (D.N.J.2005)).  Plaintiffs failed to demonstrate good cause to reopen discovery before Magistrate Judge Salas and have not persuaded this Court.

     With regard to Plaintiffs' request for discovery regarding the authorship of the expert reports of Dr. Xu and Dr. Hughes, the Court is satisfied that Magistrate Judge Salas properly weighed the factors outlined in *Johnston Development Group, Inc. v. Carpenters Local Union*

*No. 1578*, 130 F.R.D. 348, 353 (D.N.J. 1990), and the Court agrees with her conclusion that the availability of the information sought through less intrusive means outweighed Plaintiffs' informational need.  Plaintiffs had the opportunity to depose both Dr. Xu and Dr. Hughes regarding their expert reports.  Dr. Xu testified that he prepared his expert report without assistance (Stein Certif. Ex. G at 34:9, 36–37); Dr. Hughes, who is also a defendant in this action, testified that his attorney, Stephen Leuchtman, prepared the initial draft of his expert report while he was on vacation, but that he edited the draft, placed it on his letterhead, and electronically signed the document before returning to Mr. Leuchtman, who subsequently served Dr. Hughes' report upon Plaintiffs' counsel (Stein Certif. Ex. H at 6–10).  Importantly, Dr. Hughes testified that he stands by the opinions[1] provided in his expert report. (*Id.* at 80–81.) Plaintiffs speculate, on the basis of similarities in diction and syntax between the two expert reports, that Mr. Leuchtman also authored Dr. Xu's report, but the record does not support this inference.  Dr. Xu's deposition testimony explains, with a measure of embarrassment, that the reason his report contains a number of grammatical mistakes is because English is not his native language, and he did not ask a colleague to review his report prior to sending it to Mr. Leuchtman. (Stein Certif. Ex. G at 40–44.)  Furthermore, Dr. Hughes' March 2, 2010 report ("Hughes Report"), which Dr. Hughes readily admitted was initially drafted by his attorney,

---

[1]Plaintiffs argue that Dr. Hughes has disclaimed various statements made in the Hughes Report during his deposition (Pls.' Br. at 8), but this Court agrees with Defendants that Dr. Hughes' deposition testimony is best characterized as clarifying certain statements in the Hughes Report. (*See* Stein Certif. Ex. H at 39–40 (clarifying that he does not refer patients to other clinics, but that "[he] give[s] [patients] options through their doctors"), 78 (agreeing with report's conclusion regarding a common cause for misdiagnosis, but distancing himself from the report's statement that it was the cause for "most" misdiagnoses).)  Plaintiffs may pursue these testimonial variations through cross-examination.

clearly indicates at various points that he is relying on portions of Dr. Xu's February 26, 2010 report ("Xu Report"). Although the Hughes Report uses portions of the Xu Report without proper attribution at points, the present case does not call upon this Court to weigh the proper standards for attribution and plagiarism in the medical field.

To allow the deposition of Mr. Leuchtman would intrude on his attorney-client relationship, and while his role in the drafting of the Hughes Report is less than ideal, Plaintiffs have not shown that Mr. Leuchtman attempted to conceal these efforts or otherwise engaged in misconduct. Indeed, the record reflects that Dr. Hughes and Mr. Leuchtman readily disclosed Mr. Leuchtman's role in the drafting process during Dr. Hughes' deposition. Plaintiffs may impeach the credibility of Dr. Hughes' methodology and the conclusions in the Hughes Report on the basis of the above information. To the extent Plaintiffs believe that Dr. Xu did not author the Xu Report—currently nothing more than mere supposition—they may probe this matter during cross-examination. The Court will therefore affirm Magistrate Judge Salas's denial of Plaintiffs' requests to depose Mr. Leuchtman and challenge his *pro hac vice* status.

With regard to the other categories of discovery sought—information regarding the authorship of a Genesis Genetics preliminary report, the re-deposition of two NYU personnel regarding whether they requested a preliminary report from Dr. Hughes' office that Dr. Hughes concedes he did not prepare, the deposition of Dr. Zev Rosenwaks regarding the "state of the art analyses" at the Weill Cornell clinic, and an investigation of the "Cornell experience" with ADOs—the Court agrees with Magistrate Judge Salas's conclusion that Plaintiffs have failed to explain why such discovery could not have been obtained during the nearly two years of fact discovery in this case. Fact discovery closed on August 23, 2009. The record reflects that

Magistrate Judge Salas twice extended the fact discovery deadline from an initial deadline of July 14, 2008.  (*See* Doc. Nos. 12, 13, 20.)  Magistrate Judge Salas's Order refusing to reopen fact discovery was not an abuse of discretion and is neither clearly erroneous nor contrary to law.[2]

### *Conclusion*

For the foregoing reasons, this Court will affirm Magistrate Judge Salas's July 13, 2010 Order and deny Plaintiffs' appeal (Doc. No. 76).  An appropriate form of order accompanies this Memorandum Opinion.

Dated: October 5, 2010

        S/Garrett E. Brown, Jr.
        Garrett E. Brown, Jr., Chief Judge
        United States District Court

---

[2] The Court also notes that Plaintiffs appear to appeal Magistrate Judge Salas's July 13, 2010 Order to the extent that it provided for a supplemental deposition of Plaintiffs' expert witness, Dr. Cutting.  However, Plaintiffs concede in their reply brief that they "do not object to the further questioning of Dr. Cutting."  (Pls.' Reply Br. at 6.)  Instead, Plaintiffs only object to having the supplemental deposition in-person.  Plaintiffs have not shown that this portion of Magistrate Judge Salas's July 13, 2010 Order constitutes an abuse of discretion or a clear error of law.  Accordingly, the Court will deny Plaintiffs' appeal in this regard.