02981.00101-RSE

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
425 EAGLE ROCK AVENUE, SUITE 302
ROSELAND, NJ 07068
(973) 618-4100
ATTORNEYS FOR DEFENDANTS-
New York University School of Medicine and New York University Hospitals Center

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAYA GROSSBAUM and MENACHEM GROSSBAUM, her spouse, individually and as guardians ad litem of the infant, ROSIE GROSSBAUM,<br><br>Plaintiffs,<br><br>v.<br><br>GENESIS GENETICS INSTITUTE, LLC of the State of Michigan, MARK R. HUGHES, NEW YORK UNIVERSITY SCHOOL OF MEDICINE and NEW YORK UNIVERSITY HOSPITALS CENTER, both corporations in the State of New York, ABC CORPS. 1-10, and JOHN DOES 1-10,<br><br>Defendants. | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No. 07-1359 (GEB)<br><br>**MOTION OF DEFENDANTS NEW YORK UNIVERSITY SCHOOL OF MEDICINE AND NEW YORK UNIVERSITY HOSPITALS CENTER FOR SUMMARY JUDGMENT AND FOR FINALITY OF JUDGMENT** |

**MOTION OF DEFENDANTS NEW YORK UNIVERSITY SCHOOL OF MEDICINE**
**AND NEW YORK UNIVERSITY HOSPITALS CENTER**
**FOR SUMMARY JUDGMENT AND FOR FINALITY OF JUDGMENT**

Defendants New York University School of Medicine and New York University Hospitals Center (collectively referred to as "the NYU defendants"), by their attorney R. Scott Eichhorn, Esquire of Marshall, Dennehey, Warner, Coleman & Goggin, hereby move this Court

1

for an Order granting summary judgment in their favor pursuant to Federal Rule of Civil Procedure 56 and making that judgment final pursuant to Federal Rule of Civil Procedure 54(b).

F.R.Civ.P. 56(b) permits defending parties to move for summary judgment, "with or without affidavits," and F.R.Civ.P. 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

If the summary judgment record, taken as a whole in a light most favorable to the moving party, "could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Electric Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). If the evidence for the non-moving party is merely colorable, or if it is not significantly probative, summary judgment may be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

In this case, there is no genuine issue of material fact, and the NYU defendants are entitled to judgment in their favor as matter of law. As established and explained more fully by the Statement of Undisputed Material Facts and the Brief submitted in support of, and incorporated into, this motion, plaintiffs cannot establish their liability claim against the NYU defendants and summary judgment for those defendants is appropriate, because:

(1) plaintiffs' expert Gary Cutting, M.D., a pediatrician and geneticist, who does not practice in *in vitro* fertilization ("IVF"), is not qualified to testify regarding the standard of care owed to the plaintiffs by the NYU defendants' Frederick Licciardi, M.D., a board certified specialist in Obstetrics and Gynecology and in Reproductive Endrocrinology, who does practice in IVF;

(2) Dr. Cutting criticizes Dr. Licciardi from the irrelevant and immaterial point of view of a <u>geneticist</u> rather than from the relevant and material point of view of an OB-GYN/Endocrinologist/IVF specialist and on points which the record refutes;

(3) plaintiffs' other liability expert Charles Strom, M.D. will not be testifying regarding Dr. Licciardi's standard of care;

(4) the record establishes that the plaintiffs' based their decision to proceed with the IVF/Preimplantation Genetic Diagnosis ("PDG")/pregnancy process not on the risk assessment provided to them by the NYU defendants regarding the chances of having a child affected by cystic fibrosis due to PGD misdiagnosis, but rather <u>entirely</u> on the substantially lower PGD misdiagnosis risk assessment provided to them by Defendants Genesis Genetics Institute, LLC ("Genesis") and Mark R. Hughes ("Dr. Hughes") (collectively "Genesis" or "Hughes"), and that plaintiffs would not have proceeded with the process if they had accepted the higher risk assessment provided by the NYU defendants, instead of the lower risk assessment provided by Dr. Hughes;

(5) before implantation of the embryos, Dr. Licciardi explained to plaintiffs, and plaintiffs understood and accepted that the embryos to be implanted, like the plaintiffs, had been diagnosed by Genesis and Dr. Hughes as genetic carriers of, but not affected by, cystic fibrosis;

(6) Dr. Licciardi's selection of the embryos for implantation was reasonably based on the one-page report submitted by Dr. Hughes, which plainly and unequivocally stated that embryo #7 was "Carrier at worst"; embryo #8 was "Carrier maternal – OK to transfer"; and there was "no evidence of exogenous DNA contamination";

(7) the only evidence of record regarding which of the two implanted embryos developed into plaintiff's daughter is the unrebutted testimony of the NYU defendants' James Grifo, M.D. and their expert, Samuel Pang, M.D.

When the case presents more than one claim for relief or involves more than one party, F.R.Civ.P. 54(b) permits the Court to enter a final judgment as to fewer than all claims or parties by expressly determining that there is no just reason for delay. In this case, the Court's grant of summary judgment in favor of the NYU defendants should be made final, because there is no just reason to delay the finality of that judgment pending the resolution of plaintiffs' claims against Genesis, since those claims are distinct and can be separated from the claims against the NYU defendants, and since the NYU defendants are presently entitled to the entry of judgment in their favor.

WHEREFORE, the NYU defendants respectfully ask this Court to enter an Order granting summary judgment in their favor pursuant to F.R.Civ.P. 56 and making that judgment final pursuant to F.R.Civ.P. 54(b).

    Respectfully submitted,

    MARSHALL, DENNEHEY, WARNER,
        COLEMAN & GOGGIN

    By: *R. Scott Eichhorn, Esquire*
    425 EAGLE ROCK AVENUE, SUITE 302
    ROSELAND, NJ  07068
    DIRECT DIAL TELEPHONE:  (973) 618-4154
    FAX:  (973) 618-0685
    EMAIL:  rseichhorn@mdwcg.com
    ATTORNEY FOR DEFENDANTS,
    NEW YORK UNIVERSITY SCHOOL OF MEDICINE
    and

DATED:  January 20, 2011    NEW YORK UNIVERSITY HOSPITALS CENTER