02981.00101-RSE

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
425 EAGLE ROCK AVENUE, SUITE 302
ROSELAND, NJ 07068
(973) 618-4100
ATTORNEYS FOR DEFENDANTS-
New York University School of Medicine and New York University Hospitals Center

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHAYA GROSSBAUM and MENACHEM GROSSBAUM, her spouse, individually and as guardians ad litem of the infant, ROSIE GROSSBAUM,<br><br>        Plaintiffs,<br><br>v.<br><br>GENESIS GENETICS INSTITUTE, LLC of the State of Michigan, MARK R. HUGHES, NEW YORK UNIVERSITY SCHOOL OF MEDICINE and NEW YORK UNIVERSITY HOSPITALS CENTER, both corporations in the State of New York, ABC CORPS. 1-10, and JOHN DOES 1-10,<br><br>        Defendants. | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No. 07-1359 (GEB)<br><br>**RESPONSE OF DEFENDANTS NEW YORK UNIVERSITY SCHOOL OF MEDICINE AND NEW YORK UNIVERSITY HOSPITALS CENTER TO PLAINTIFFS' SUPPLEMENTAL STATEMENT OF UNDISPUTED MATERIAL FACTS** |

**RESPONSE OF OF DEFENDANTS**
**NEW YORK UNIVERSITY SCHOOL OF MEDICINE AND**
**NEW YORK UNIVERSITY HOSPITALS CENTER**
**TO PLAINTIFFS' SUPPLEMENTAL**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 56.1, and solely for the limited purpose of the Court's consideration of the pending motions for summary judgment and for no other purpose,

1

defendants New York University School of Medicine and New York University Hospitals Center (collectively, "NYU defendants") respond to the Plaintiffs' Supplemental Statement of Undisputed Material Facts as follows:

1.  Agreed in part and disputed in part. Agreed that this case involves *in vitro* fertilization ("IVF") and pre-implantation genetic diagnosis ("PGD"). The remainder of paragraph 1 is disputed, because it impermissibly and inaccurately intermixes and confuses IVF with PGD; because it is not supported by the quoted text; and because the quoted text and its source have not been established as an authoritative sources of undisputed facts.

2.  Disputed. The statement is inherently ambiguous, because it does not specify which of the two processes it means as "the process described above." Additionally, its source has not been established as an authoritative source of undisputed facts.

3.  Disputed. Portions of this statement are not understandable and conflict with other portions of the statement and other statements of fact. Additionally, the statement's sources have not been established as authoritative sources of undisputed facts, and the statement misconstrues New Jersey law, which, as discussed in the NYU defendants' reply brief conditions both the wrongful birth and the wrongful life causes of action on the deprivation of the parents' rights to terminate the pregnancy.

4.  Agreed, but subject to the understanding that the decision was made entirely on the basis of the success/risk rates conveyed to the plaintiffs by defendant Hughes and not on any such rates conveyed by or on behalf of the NYU defendants.

5.  Disputed. The statement is a partial quote from one paragraph of a nineteen-page, single-spaced "review" article and is argumentative opinion rather than factual.

6. Disputed. The statement is largely incomprehensible as written; it includes the quotation of a single sentience from a lengthy scientific article which has not been established as an authoritative source of undisputed facts; and it is argumentative opinion, rather than factual.

7. Agreed in part and disputed in part. Agreed that the statement repeats portions of plaintiff Chaya Grossbaum's declaration. However, the declaration is disputed, because it was made after discovery had been completed in this case and it, therefore, presents matters that cannot be confirmed on the record that was developed in discovery.

8. Agreed in part and disputed in part. Agreed that the adult plaintiffs were each known to be a carrier of a particular but different CF-gene mutation before they began the IVF/PGD processes. The statement is otherwise disputed, because it is not supported by the cited documents, which are hearsay.

9. Disputed. The statement is argumentative opinion rather than factual, and it is based upon a partial quotation from a lengthy scientific article which has not been established as an authoritative source of undisputed facts.

10. Disputed. The statement is argumentative opinion rather than factual, and it is based upon a partial quotation from a lengthy scientific article which has not been established as an authoritative source of undisputed facts.

11. Agreed in part and disputed in part. Agreed that Genesis Genetics and Dr. Hughes did not use linkage analysis in analyzing the embryonic cells sent to them by NYU in this case, and that Dr. Hughes admitted that he and Genesis had the technology to do linkage analysis. The statement is otherwise disputed to the extent that it takes Dr. Hughes' deposition testimony out of context, treats his opinions as facts, treats his testimony as established fact, or

improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

      12.     Disputed. The statement is argumentative opinion rather than factual, it takes Dr. Hughes' deposition testimony out of context, treats his opinions as facts, treats his testimony as established fact, and suggests or is interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

      13.     Disputed. The statement is argumentative opinion rather than factual, it takes Dr. Hughes' deposition testimony out of context, treats his opinions as facts, treats his testimony as established fact, and suggests or is interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

      14.     Disputed. The statement is argumentative opinion rather than factual, it takes Dr. Hughes' deposition testimony out of context, treats his opinions as facts, treats his testimony as established fact, or improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

      15.     Disputed. The statement is argumentative opinion rather than factual, it takes Dr. Hughes' deposition testimony out of context, treats his opinions as facts, treats his testimony as established fact, or improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

      16.     Disputed. The declaration is disputed, because it was made after discovery had been completed in this case and presents matters that cannot be confirmed on the record that was developed in discovery; because it and Dr. Hughes' testimony conflict, and because it is legally irrelevant and immaterial to the claim against the NYU defendants.

17. Disputed. The statement is argumentative opinion and based on opinion rather than established facts, and because it is legally irrelevant and immaterial to the claim against the NYU defendants.

18. Disputed. The statement is unclear as stated; it is argumentative opinion rather than factual, and improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

19. Disputed. The statement is an argumentative presentation and interpretation of a document which discovery has confirmed was never received by the NYU defendants and may never have been sent to them, and because the statement improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

20. Disputed. The statement is an argumentative presentation and interpretation of a document which discovery has confirmed was never received by the NYU defendants and may never have been sent to them, and because the statement improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004.

21. Disputed. The statement is an argumentative presentation and interpretation of a document which discovery has confirmed was never received by the NYU defendants and may never have been sent to them, and because the statement improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004. Additionally, the statement's "comment" is obviously argument, not a statement of undisputed material fact that is relevant to the claim against the NYU defendants.

22.     Disputed. The statement presents argument rather than fact, improperly suggests or might be improperly interpreted as stating matters that were not known to the NYU defendants during the relevant time period in 2004, and because it is legally irrelevant and immaterial to the claim against the NYU defendants.

23.     Agreed that Dr. Charles Strom is one of the plaintiffs' experts in this case and that a copy of his curriculum vitae is presented as plaintiff's exhibit 12, but subject to the understanding that, as established by the NYU defendants' Local Rule 56.1 statement and its supporting evidence, including the deposition testimony of Dr. Strom, Dr. Strom will not be testifying against the NYU defendants as to standard of care, and he admitted that the one-page 7/19/04 evaluation report from Genesis/Hughes indicated that embryo 7 was <u>genetically</u> <u>suitable</u> for implantation.

24.     Agreed in part and disputed in part. Agreed that Genesis and Dr. Hughes were represented and understood to be competent and reliable PGD testers during the relevant time period in 2004 and that their services extended and extend beyond Michigan and include persons in New York and New Jersey, as well as elsewhere in the United Sates and the world; otherwise, the statement is disputed as intended to largely irrelevant and immaterial to the claim against the NYU defendants.

25.     Disputed. The statement's assertion that "information was obtained notwithstanding the obstructionism of defense counsel" is patently argumentative and factually incorrect. Moreover, the statement presents only a portion of Dr. Hughes' testimony on the topic; the topic is a matter of disputed fact, since plaintiffs claim that they told Dr. Hughes that they would not undergo CVS or amniocentesis and he claims that they did not tell him that and that, if they did, he would not have accepted them as clients; the topic is hypothetical, because

Genesis/Hughes never inquired whether or not CVS or amniocentesis was performed; and, as discussed in the defendants' summary judgment briefs, plaintiffs' intention not to undergo CVS or amniocentesis because abortion was never an option for them precludes or limits their claims in this case.

> Respectfully submitted,
>
> MARSHALL, DENNEHEY, WARNER,
>     COLEMAN & GOGGIN
>
> By: *R. Scott Eichhorn, Esquire*
> 425 EAGLE ROCK AVENUE, SUITE 302
> ROSELAND, NJ  07068
> DIRECT DIAL TELEPHONE:  (973) 618-4154
> FAX:  (973) 618-0685
> EMAIL:  rseichhorn@mdwcg.com
> ATTORNEY FOR DEFENDANTS,
> NEW YORK UNIVERSITY SCHOOL OF MEDICINE and
> NEW YORK UNIVERSITY HOSPITALS CENTER

DATED:  March 10, 2011