UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEW JERSEY

CHAYA GROSSBAUM and
MENACHEM GROSSBAUM, her
spouse, individually and as
*guardians ad litem* of the
infant ROSIE GROSSBAUM,

        Plaintiffs,

vs.

GENESIS GENETICS INSTITUTE,
LLC, of the State of Michigan,
MARK R. HUGHES, NEW YORK
UNIVERSITY SCHOOL OF MEDICINE
and NEW YORK UNIVERSITY
HOSPITALS CENTER, both
corporations in the State of
NEW YORK, ABC CORPS. 1-10,
JOHN DOES 1-10,

        Defendants.

CIVIL ACTION NO. 07-1359 (GEB)

PLAINTIFFS' SUPPLEMENTAL BRIEF
IN RESPONSE TO DEFENDANT NYU'S REPLY BRIEF
AS PER THE COURT'S ORDER OF JUNE 10, 2011

NUSBAUM, STEIN, GOLDSTEIN,
 BRONSTEIN & KRON, P.A.
20 Commerce Boulevard, Suite E
Succasunna, NJ  07876
nsgbk.office@verizon.net
(973) 584-1400
Attorneys for Plaintiffs

Lewis Stein, Esq.
   on the Brief

PRELIMINARY STATEMENT

Pursuant to the Court's Memorandum Opinion of June 10, 2011, which provided "Plaintiffs will have until 20 days after the filing of this Opinion and the accompanying Order to file a supplemental brief, not to exceed 10 pages, addressing only NYU Defendants' reply brief arguments that Plaintiffs' claims fail under New York's statute of limitations and for lack of causation," the Plaintiffs submit the following brief.

NEW YORK STATUTE OF LIMITATIONS

The only mention in Defendant NYU's reply brief concerning the New York statute of limitations is the following statement:

> Likewise, once the record in this case crystallizes to answer the presently open question as to when Mrs. Grossbaum ceased treating with the NYU Defendants, they may be entitled to judgment under the New York 30 month statute of limitations governing medical malpractice actions, C.P.L.R. 214-a (an action for medical malpractice must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure) [emphasis added].

This singular comment by Defendant NYU with respect to the New York statute of limitations, aside from the obvious conditional nature of the reference, must be understood within

the context of the Defendant NYU's argument. Defendant NYU in its principal motion for summary judgment argued that New Jersey law applied and particularly with respect to its statute of limitations. Defendant NYU's second brief (purportedly in opposition to Genesis Genetics' motion for summary judgment) likewise argues in great detail that the New Jersey statute of limitations applies under appropriate choice of law rules. Defendant NYU's third brief, filed as a reply brief to Plaintiffs' response to the motion for summary judgment, likewise argues throughout, with the exception of the aforementioned paragraph, that the correct choice of law determination is that the Plaintiffs' claims are to be adjudicated under New Jersey law. Since this Court has in its memorandum opinion concluded that choice of law analysis directs that the law of New York controls this litigation and requires dismissal of Plaintiffs' suit with respect to Genesis Genetics, Plaintiffs are constrained to make no further argument in this Court to the contrary, notwithstanding the comment in NYU's reply brief, and thus would expect the Court consistent with its findings of fact and legal determinations to likewise bar the claims against NYU. This is not to say that the Plaintiffs agree with the statement of New York law presented in the memorandum opinion. It should certainly not surprise this Court and would not be considered an inappropriate or disrespectful

2

comment to suggest that Plaintiffs, supported by the split opinions of the Defendants, will seek further review of this Court's determination as to the choice of law decision made and its interpretation of that state's statute of limitations. Nevertheless, the integrity of the judicial process does not allow, and will not allow, this Court to rule otherwise with respect to the application of New York law for one Defendant and not the other. Such a result cannot be responsibly urged by any officer of the Court.

Finally, on the issue of choice of law and the arguments made by NYU, it should not escape the Court how ironic it is that the party with the most significant contacts in New York should urge upon the Court the application of the law of a jurisdiction other than that of its home base.

## CAUSATION

It is assumed that this Court's direction to comment on causation refers to Section B of Defendant NYU's reply brief commencing at Page 7 as well as Section C (Document 108-3). As with the discussion above on choice of law issues, the argument concerning causation was an integral part of Defendant NYU's principal brief in support of its motion for summary judgment. This Defendant summarized in great detail, and argued for, a limited standard of care applicable to its physician

3

participants in the IVF-PGD process. In particular, on Page 31 at Paragraph b. of NYU's principal brief (Document 108-3), the headnote states, "The record establishes that Dr. Licciardi was not negligent and <u>did not cause plaintiffs' harm</u>" [emphasis supplied].

Preliminarily, Plaintiffs do not dispute that proximate cause is an essential element of Plaintiffs' claims against NYU under New Jersey law as well as Defendant Genesis Genetics. Plaintiffs' claim against NYU on causation is based on the testimony of Dr. Garry Cutting in that the knowledge and skill demonstrated by Dr. Frederick Licciardi, NYU's IVF doctor, with respect to implanting an embryo other than Nos. 8 and 10 as reported by Genesis Genetics, properly interpreted and understood, required that the Plaintiffs be informed of the increased risk of using No. 7 because on its face the report from Genesis Genetics indicated the potential for increased risk of having an affected child by the description of the laboratory results as to the condition of Embryo No. 7. Plaintiffs need only point out to the Court that the report of Genesis Genetics to NYU indicated only that Embryos Nos. 8 and 10 were suitable for transfer and that Genesis Genetics did not describe Embryo No. 7 in those terms. (See NYU Exh. G)  Furthermore, Dr. Licciardi in his deposition could not demonstrate an awareness of the significance of the content of the Genesis Genetics'

4

report and he could not explain the description of the conditions of the respective genetic contributions of the father and the mother. (See Licciardi Dep. 3/11/09 T:49-7 to 50-16; NYU Exh. D)  In addition, since Embryo No. 7 was analyzed without the benefit of the father's genetic contribution, according to Dr. Cutting, it increased the risk of an affected child by virtue of the recognized complication of "allele dropout"—a circumstance where the reported genetic condition of the mother must only be accepted subject to the known risk of it being an inaccurate diagnosis because of allele dropout.  The combination of the unknown status of the father's genetic contribution to the embryo as well as the risk of an inaccurate description of the mother's condition from allele dropout creates an increased risk of an affected child.  The term "increased risk" describes the causation standard to be applied in connection with evaluating Plaintiffs' proximate cause proofs.  This standard replaced "but for" causation under New Jersey law when there is a preexisting chance that the treatment will not represent a 100% elimination of the chance of an affected embryo.  See Gardner v. Pawliw, 150 N.J. 359 (1997), and also Verdiccio v. Ricca, 179 N.J. 1 (2004).

In essence, Defendant NYU's reply brief in effect rehashes the factual argument concerning Dr. Cutting's opinions versus

the opinions of the defense experts—clearly not a circumstance upon which, by any measure, summary judgment is appropriate.

> Respectfully submitted,
>
> NUSBAUM, STEIN, GOLDSTEIN, BRONSTEIN & KRON, P.A.
>
> By: /s/ Lewis Stein, Esq.
> 20 Commerce Boulevard, Suite E
> Succasunna, NJ  07876
> (973) 584-1400
> Fax (973) 584-8747
> nsgbk.office@verizon.net
> Attorneys for Plaintiffs

Date:  June 29, 2011