## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**ESTHER SALAS**<br>**UNITED STATES DISTRICT JUDGE** | **MARTIN LUTHER KING**<br>**COURTHOUSE**<br>**50 WALNUT ST.**<br>**ROOM 2060**<br>**NEWARK, NJ 07101**<br>**973-297-4887** |

August 17, 2011

### LETTER ORDER

Re:   **Grossbaum v. Genesis Genetics, et al.**
      **Civil Action No. 07-1359 (ES)**

Dear Counsel:

     Pending before this Court is Defendants New York University School of Medicine and New York University Hospitals Center's (the "NYU Defendants") motion for summary judgment (Docket Entry No. 108, the "Motion"). For the foregoing reasons, the Court **GRANTS** the Motion.

     Prior to this Court's assignment to this matter, on June 9, 2011, the Honorable Garrett E. Brown, Jr. issued an order and opinion granting Defendant Genesis Genetics Institute LLC's ("Genesis") motion for summary judgment filed contemporaneously with the Motion. (Docket Entry Nos. 131, 132, the "June 9th Opinion"). In the June 9th Opinion, after an extensive choice of law analysis, Judge Brown applied New York law and dismissed the claims against Genesis as untimely. June 9th Opinion at 18, 22. Judge Brown also found that New York law applies to the claims against the NYU Defendants. *Id.* Because the NYU Defendants raised the statute of limitations defense for the first time in its Reply Brief in Support of Their Motion for Summary Judgment (Docket No, 127, the "Reply"), Judge Brown permitted Plaintiffs Chaya Grossbaum, Menachem Grossbaum, individually and as *guardian ad litem* of the infant Rosie Grossbaum (the "Plaintiffs") the "opportunity to respond to the New York law arguments advanced in NYU Defendants' reply brief." *Id.* at 23.

     On June 29, 2011, Plaintiffs filed their Supplemental Brief in Response to Defendant NYU's Reply Brief (Docket Entry No. 134, "Plaintiffs' Supplement"). In Plaintiffs' Supplement, Plaintiffs took issue with the choice of law ruling in the June 9th Opinion but stated that they were "constrained to make no further argument" on the statute of limitations issue. Plaintiffs' Supplement at 2. In fact, Plaintiffs state that they "expect the Court consistent with its findings of fact and legal determinations to likewise bar the claims against NYU." *Id.* On July 7, 2011, the NYU Defendants filed their Sur-Reply Brief in Support of their Motion for Summary Judgment (Docket Entry No. 135, the "NYU Supplement"). The NYU Defendants point out that the Plaintiffs concede that, under New York law, their claims are time barred by the New York medical malpractice statute of

limitations. NYU Supplement at 1. The NYU Defendants also note that Plaintiffs ceased treating with the NYU Defendants more than two years and six months before the Plaintiffs commenced the action. *Id.*; *see also* N.Y. C.P.L.R. 214-2 (statute of limitations for medical malpractice is two years and six months from the date of the last treatment).

The Court notes that the NYU Defendants failed to raise the statute of limitations argument in the Motion and only noted on reply that they *may* be entitled to judgement under the New York 30-month statute of limitations governing medical malpractice. Reply at 13. Because of this, Judge Brown gave Plaintiffs ample opportunity to address this issue and to raise any potential fact issues which would prevent this Court from granting summary judgment in the NYU Defendants favor. Inexplicably, Plaintiffs have failed to advance any arguments relating to the statute of limitations as it pertains to the NYU Defendants, other than criticizing Judge Brown's choice of law analysis. Moreover, Plaintiffs did not bother to address the argument as to when Mrs. Grossbaum ceased her treatment with the NYU Defendants. Plaintiff's complaint dated March 23, 2007 states that the NYU Defendants implanted the embryos on or about July 19, 2004. Complaint at ¶ 7; Certification of Counsel, Docket Entry No. 108-5, Ex. B, Deposition of Chaya Grossbaum, p. 154-156. Plaintiffs have not provided the Court with any other date after July 19, 2004 wherein the NYU Defendants treated Ms. Grossbaum. Therefore, Plaintiffs' claims against the NYU Defendants are untimely as they filed this matter more than thirty months after treatment ceased. Because of this and Plaintiffs' concession in its Supplement, the Court will grant summary judgment in the NYU Defendants' favor.

The Clerk of the Court may terminate the Motion at Docket Entry No. 108.

**SO ORDERED.**

s/Esther Salas
Esther Salas, U.S.D.J.